## COMMONWEALTH COMMERCIAL STATE BANK v. LUCAS, Com'r of Internal Revenue.

### No. 4941.

Court of Appeals of District of Columbia.

Argued April 10, 1930.

Decided May 5, 1930.

Lawrence A. Baker and Henry Ravenel, both of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, Shelby S. Faulkner, Sewall Key, and Barham R. Gary, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decision by the Board of Tax Appeals involving income taxes for the

calendar year 1921 in the amount of $3,-358.08.

On July 10, 1916, appellant, located at Detroit, Mich., purchased Imperial Russian Government 6½ per cent. bonds, at par value of $40,000. On May 31, 1917, it purchased Imperial Russian Government 5½ per cent. bonds at par value of $11,000.

In March, 1917, the Imperial Russian Government was overthrown, and in 1918 the Soviet Government repudiated the financial obligations of the Imperial Government, including the above-mentioned bonds then held by appellant.

Several times during the year 1921 the state bank examiner of the state of Michigan directed appellant to write off its books the above-described bonds to the full extent of their par value. Appellant complied. This action was approved by the state bank commissioner.

The Board of Tax Appeals found that "at the close of the year 1921 each class of the above described bonds was quoted on the exchange at about 10 per cent of their par value."

Appellant kept its books on a cash receipts and disbursements basis. In its return for the year 1921 it deducted as a bad debt loss the amount of $51,000, representing its total investment in the Russian bonds. The question here (as stated by appellant) is whether the Board erred in disallowing this amount, or 90 per cent. thereof, as a debt ascertained to be worthless and charged off.

Section 234(a)(5) of the Revenue Act of 1921 (42 Stat. 227, 255) provided, in part, that in computing the net income of a corporation subject to the tax imposed by section 230 "there shall be allowed as deductions: * * * Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part. * * *"

The Treasury Department, charged with the duty of interpreting and giving effect to this statute, adopted certain regulations, the pertinent provisions of which are as follows:

"Art. 151. *Bad Debts.*—Bad debts may be treated in either of two ways—(1) by a deduction from income in respect of debts ascertained to be worthless in whole or in part, or (2) by a deduction from income of an addition to a reserve for bad debts.

* * * Where banks or other corporations which are subject to supervision by Federal authorities (or by State authorities maintaining substantially equivalent standards) in obedience to the specific orders, or in accordance with the general policy of such supervisory officers, charge off debts in whole or in part, such debts shall, in the absence of affirmative evidence clearly establishing the contrary, be presumed, for income tax purposes, to be worthless or recoverable only in part, as the case may be."

"Art. 154. *Worthless securities.* * * * Bonds purchased since February 28, 1913, when ascertained to be worthless, may be treated as bad debts to the amount actually paid for them. * * *"

Section 234(a)(5) of the Act of 1921 was re-enacted without change in the Revenue Act of June 2, 1924 (43 Stat. 253, 284), and in the Revenue Act of February 26, 1926 (44 Stat. 9, 42), 26 USCA § 986(a)(5). The articles of the Treasury Regulations to which we have referred were re-adopted without change in Regulations 65 under the act of 1924 and in Regulations 69 under the act of 1926. The Treasury Department, in conformity with the foregoing regulations, had consistently permitted the holders of bonds similar to those here involved, when ascertained to be worthless, to be treated as bad debts.

In January, 1928, the Board of Tax Appeals, in the case of First National Bank of St. Paul v. Commissioner, 10 B. T. A. 32, held that such a bond is not a debt within the meaning of the bad debt provision of the act of 1921 and subsequent acts. That ruling accounts for the action of the Commissioner of Internal Revenue in refusing to permit a deduction in the present case. Prior to that time the rulings had been in harmony with the views of the Treasury Department. Appeal of Murchison National Bank, 1 B. T. A. 617; Appeal of Samuel Bird, 4 B. T. A. 259.

In Komada v. United States, 215 U. S. 392, 396, 30 S. Ct. 136, 137, 54 L. Ed. 249, the court, quoting with approval from United States v. Cerecedo Hermanos Y. Compania, 209 U. S. 337, 339, 28 S. Ct. 532, 52 L. Ed. 821, said: "'We have said that when the meaning of a statute is doubtful, great weight should be given to the construction placed upon it by the department charged with its execution. Robertson v. Downing, 127 U. S. 607, 8 S. Ct. 1328, 32 L. Ed. 269; United States v. Healey, 160 U. S. 136, 16 S. Ct. 247, 40 L. Ed. 369. And we have decided that the re-enactment by Congress,

without change, of a statute which had previously received long-continued executive construction, is an adoption by Congress of such construction. United States v. Falk, 204 U. S. 143, 152, 27 S. Ct. 191, 51 L. Ed. 411, 414.'"

A similar observation was made in National Lead Co. v. United States, 252 U..S. 140, 146, 40 S. Ct. 237, 239, 64 L. Ed. 496: "The re-enacting of the drawback provision four times, without substantial change, while this method of determining what should be paid under it was being constantly employed, amounts to an implied legislative recognition and approval of the executive construction of the statute (United States v. Philbrick, supra [120 U. S. 52, 59, 7 S. Ct. 413, 30 L. Ed. 559]; United States v. G. Falk & Brother, 204 U. S. 143, 152, 27 S. Ct. 191, 51 L. Ed. 411; United States v. Cereccdo Hermanos Y. Compania, 209 U. S. 337, 28 S. Ct. 532, 52 L. Ed. 821), for Congress is presumed to have legislated with knowledge of such an established usage of an executive department of the government."

In Logan v. Davis, 233 U. S. 613, 627, 34 S. Ct. 685, 690, 58 L. Ed. 1121, the court said it is a "settled rule that the practical interpretation of an ambiguous or uncertain statute by the executive department charged with its administration is entitled to the highest respect, and  *  *  ˉ  will not be disturbed except for very cogent reasons."

To the same effect are McLaren v. Fleischer,.256 U. S. 477, 481, 41 S. Ct. 577, 65 L. Ed. 1052; Kern River Co. v. United States, 257 U. S. 147, 154, 42 S. Ct. 60, 66 L. Ed. 175; Paducah Water Co. v. Commissioner of Internal Revenue, 59 App. D. C. 84, 33 F. (2d) 559, 560; Corning Glass Works v. Lucas, 59 App. D. C. 168, 37 F.(2d) 798, 800; American Auto Trimming Co. v. Lucas, 59 App. D. C. 171, 37 F.(2d) 801, 803.

In the present case, the contemporaneous and continued interpretation by the Treasury Department was both equitable and reasonable, and apparently met with the approval of Congress, as otherwise we must assume there would have been a change in the wording of the statute. There is no cogent reason for now adopting the more technical interpretation which the Board has placed upon the statute. It follows, therefore, that the Board erred in not allowing a deduction of 90 per cent. of the cost of the bonds as a bad debt.

Decision reversed.

Reversed.