## LEBANON NAT. BANK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5530.

Circuit Court of Appeals, Third Circuit.
March 21, 1935.

W. A. Seifert and William Wallace Booth, both of Pittsburgh, Pa. (Smith, Shaw, McClay & Seifert, of Pittsburgh, Pa., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears the petitioner-taxpayer, a national bank, had bought, at a cost of $10,100, bonds of Russia of the par value of $10,000. Later that government ceased to pay interest on the bonds and subsequently officially repudiated the obligation thereof. During that time the curb market value declined, but as the bank still held the bonds, it claimed no loss thereon in its income returns. During that period the bank in its statements annually charged off 10 per cent. of the bond cost. In 1929 a national bank examiner appraised the bonds at $1,400, and ordered their charge-off as follows: "Bank also holds defaulted Russian Government Bonds in excess of market value. Charge off necessary." In obedience to such requirement, the bank charged off, and in its income tax return for that year claimed credit for, an alleged total loss of the $10,100 paid for said bonds. This it claims to do by virtue of the departmental regulation which provides: "Where banks or other corporations which are subject to supervision by federal authorities (or by state authorities maintaining substantially equivalent standards) in obedience to the specific orders, or in accordance with the general policy of such supervisory officers, charge off debts in whole or in part, such debts shall, in the absence of affirmative evidence clearly establishing the contrary, be presumed, for income tax purposes, to be worthless or recoverable only in part, as the case may be." And the further regulation: "Where national bank examiners, in accordance with the policy adopted, require national banks to charge off notes, mortgages, or bonds, in whole or in part, and the basis of the examiner's order is the worthlessness or partial recoverability of the item, such debts will, for income tax purposes, be considered prima facie worthless or recoverable.

only in part, and the banks may deduct the amount charged off in their income tax returns."

Under these facts, we are of opinion the action of the bank in annually charging off a percentage of the cost of the unsold bonds did not require it to claim such charge-off as a loss of that year. But when the department which had supervisory control required the bank to charge off the bonds entirely, then the bonds were officially declared worthless and should "for income tax purposes, be considered prima facie worthless." However, this prima facie worthlessness might be overcome if the bonds were "recoverable only in part," and that they were recoverable in part is shown by the fact that their recoverable value by sale at that time was $1,400. We think these figures and facts officially fixed the loss the bank was entitled to deduct in that year as $8,700, the difference between the original cost of $10,100 and recoverable value of $1,400.

So holding, the order of the Tax Board is vacated, and the case remanded for further action in accord with this opinion.