## PACIFIC NAT. BANK OF SEATTLE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8276.

Circuit Court of Appeals, Ninth Circuit.
June 21, 1937.

Todd, Holman & Sprague, William M. Allen, and Emory E. Hess, all of Seattle, Wash., for petitioner.

Robert H. Jackson, Asst. U. S. Atty. Gen., and Sewall Key, L. Louis Monarch, Norman D. Keller, S. Dee Hanson, and Warren F. Wattles, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR and MATHEWS, Circuit Judges, and NETERER, District Judge.

MATHEWS, Circuit Judge.

In its income tax return for 1931, petitioner, the Pacific National Bank of Seattle, claimed a deduction of $11,209.08 on account of debts ascertained to be partially worthless and recoverable only in part and, for that reason, charged off in part within the taxable year. The debts in question were interest-bearing bonds owned and held by petitioner. Respondent, the Commissioner of Internal Revenue, disallowed the deduction and, in consequence of such disallowance, determined that there was a deficiency of $1,331.65 in respect of petitioner's income tax for 1931. The Board of Tax Appeals sustained respondent's determination. Petitioner seeks reversal.

Section 23 of the Revenue Act of 1928, 45 Stat. 799 (26 U.S.C.A. § 23 and note), provides:

"In computing net income there shall be allowed as deductions:

. . . . . .

"(j) *Bad Debts.* Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

Bonds are debts, within the meaning of section 23 (j), 26 U.S.C.A. § 23 note. Commonwealth Commercial State Bank v. Lucas, 59 App.D.C. 317, 41 F.(2d) 111. See, also, Treasury Regulations 74, article 194, infra.

Section 62 of the act, 45 Stat. 810 (26 U.S.C.A. § 62 and note), provides:

"The Commissioner [of Internal Revenue], with the approval of the Secretary

[of the Treasury], shall prescribe and publish all needful rules and regulations for the enforcement of this title [chapter] [§§ 1-322, 45 Stat. 795-862]."

Pursuant to section 62, the Commissioner, with the approval of the Secretary, prescribed and published Treasury Regulations 74, article 191 of which provides:

"Where banks or other corporations which are subject to supervision by Federal authorities (or by State authorities maintaining substantially equivalent standards) in obedience to the specific orders, or in accordance with the general policy of such supervisory officers, charge off debts in whole or in part, such debts shall, in the absence of affirmative evidence clearly establishing the contrary, be presumed, for income tax purposes, to be worthless or recoverable only in part, as the case may be."

This was and is a proper regulation, reasonably adapted to the enforcement of the act and not inconsistent with any statutory provision. It has, therefore, the force and effect of law. Maryland Casualty Co. v. United States, 251 U.S. 342, 349, 40 S.Ct. 155, 157, 64 L.Ed. 297; Crocker v. Lucas (C.C.A.9) 37 F.(2d) 275, 277; Douglas County Light & Water Co. v. Commissioner (C.C.A.9) 43 F.(2d) 904, 905; Commissioner v. Van Vorst (C.C.A. 9) 59 F.(2d) 677, 679.

■ At the hearing before the Board, petitioner showed by uncontradicted evidence that the charge-off of $11,209.08 above referred to was made in obedience to the specific orders of a national bank examiner and the Comptroller of the Currency. Respondent offered no evidence. The Board found:

"In 1931, the books of the petitioner were examined by a national bank examiner. Thereafter, under date of November 20, 1931, upon the report of such examiner dated September 8, 1931, and pursuant to his instructions, depreciation in the total amount of $11,209.08 on certain bonds was charged off 'in accordance with instructions from the Comptroller.'"

Upon the showing thus made, petitioner was entitled to the benefit of the presumption mentioned in article 191 of Regulations 74. Citizens' National Bank v. Commissioner (C.C.A.4) 74 F.(2d) 604, 100 A.L.R. 699; Lebanon National Bank v. Commissioner (C.C.A.3) 76 F.(2d) 792.

See, also, Commonwealth Commercial State Bank v. Lucas, supra. In refusing to give effect to this presumption, the Board erred.

That this is not a conclusive presumption is quite true. It is a rebuttable presumption, but in this case it was not rebutted. It was open to respondent to establish, if he could, by affirmative evidence that the bonds in question were not partially worthless, as claimed by petitioner, but respondent did not make or attempt to make any such showing. He offered no evidence whatever.

Cases relied on by respondent are clearly distinguishable. In American Trust Co. v. Commissioner (C.C.A.9) 31 F.(2d) 47, there was no specific order requiring a charge-off. In American Savings Bank & Trust Co. v. Burnet (C.C.A.9) 45 F.(2d) 548, the debt in question was ascertained to be worthless in the year preceding the year in which it was charged off, and, for that reason, the claimed deduction was disallowed. The question here considered was not involved in either of those cases.

■ Respondent cites article 194 of Regulations 74, which provides:

"A taxpayer (other than a dealer in securities) possessing debts evidenced by bonds or other similar obligations can not deduct from gross income any amount merely on account of market fluctuation. . . ."

Article 194 has no application to this case. Petitioner has not made or sought to make any deduction from gross income "merely on account of market fluctuation." The deduction here claimed is on account of partial worthlessness of the bonds in question, evidenced by the fact that, within the taxable year, they were charged off in part, in obedience to the specific orders of the federal authorities to whose supervision petitioner was subject.

■ The suggestion that Treasury Regulations having the force and effect of law are binding on taxpayers, but not on the Commissioner or on the Board of Tax Appeals, cannot be entertained. Tax officials and taxpayers alike are under the law, not above it.

Decision reversed.

NETERER, District Judge, does not participate in this opinion.