## THOMSON v. COMMISSIONER OF INTERNAL REVENUE.
### No. 131.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1940.

Appleton, Rice & Perrin, of New York City (Lee J. Perrin, Clifton S. Thomson, and T. F. Davies Haines, all of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

In his income tax return for 1934 the petitioner claimed a deduction of $24,625 for a bad debt. The commissioner disallowed the deduction and determined a deficiency in tax. The Board of Tax Appeals sustained the commissioner.

The petitioner in 1927 purchased $25,000 face amount of debentures of New York United Hotels, Inc., paying $24,750 for them. The debentures were part of an issue of $5,300,000. The issuing company in 1931 ran into difficulties and obtained concessions from debenture holders in postponement of interest payments and waiver of sinking fund requirements. The situation became much worse later, and in December 1933 receivers were appointed by the district court on creditor's bill. In the plan of reorganization approved by the district court in March 1934, no provision was made for debenture holders who declined to put in new money. In the final decree of May 22, 1934, however, the receivers were directed to pay $5 in full settlement for each $1,000 debenture surrendered by debenture holders for cancellation. The petitioner in June 1934 took advantage of this provision and surrendered his $25,000 debentures, receiving $125 in cash. This was a loss of $24,625, and the petitioner claimed in his 1934 return a deduction of this amount as a bad debt.

The case then is one where the debentures proved on insolvency of the debtor company to be almost completely worthless. The petitioner, who had paid $24,750 for them, realized $125 on them when he turned them in to the receivers for cancellation. The Revenue Act of 1934, by express provision in section 23(k), 26 U.S. C.A. § 23(k), permitted the deduction of the unrecoverable part of debts partially worthless. The applicable regulations, Regulations 86, article 23(k), mentioned as examples of bad debts the difference between the amount received on distribution of the assets of a bankrupt debtor and the amount of the claim, and the difference between the amount received by a creditor of a decedent on distribution of the estate and the amount of the claim. The example of a debt rendered partially worthless by bankruptcy of the debtor virtually covers the present case. But the

Board took the view that the case was one of "retirement" of the debentures within section 117(f) of the 1934 Act, 26 U.S.CA. § 101(f), and so was an instance of a capital loss rather than of a bad debt. If the transaction was a capital loss, the petitioner, for reasons that require no discussion, was not entitled to deduct the loss from income.

Section 117 dealt with capital gains and losses. It provided that percentages of the gain or loss on sale or exchange of a capital asset should be taken into account in computing net income, and it imposed limitations on the allowance of losses from sales or exchanges. Subsection (f), a new provision in income tax acts, read: "For the purposes of this title [chapter], amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form, shall be considered as amounts received in exchange therefor".

We are of opinion that what happened here may not fairly be taken as a "retirement" of the petitioner's debentures. Dictionary definitions of "retire" are "to pay up and withdraw from circulation", "to withdraw from circulation, or from the market", "to take up or pay". The word signifies some voluntary action on the debtor's part in fulfillment of his promise to pay. A man as sanguine as Micawber might describe his bankruptcy as a "retirement" of his obligations, but a merchant seeking credit who spoke in such euphemisms might find himself in trouble later. Where creditors receive a petty dividend (one-half of one percent in this case) on the collapse of their debtor, their claims may be extinguished but are hardly "retired". The Board was in error in treating the case as one of "retirement" of the petitioner's debentures.

■■ The case was one of bad debt. To support a deduction for bad debt in a particular year, however, the taxpayer must show that the debt was ascertained to be worthless in that year and that he charged it off in that year. Spring City Co. v. Commissioner, 292 U.S. 182, 54 S. Ct. 644, 78 L.Ed. 1200. While the facts here would support findings that the petitioner ascertained the debt to be worthless in 1934 and that he charged it off in that year, the Board made no findings on these issues. We have no power to supply findings. Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343. Under such circumstances the case will be remanded to the Board for further findings.

Reversed.