## McCLAIN v. COMMISSIONER OF INTERNAL REVENUE.*

No. 55. Argued December 12, 1940.—Decided January 6, 1941.

*Mr. Edward D. Smith, Jr.,* with whom *Mr. M. E. Kupatrick* was on the brief, for petitioner in No. 55.

*Together with No. 58, *Helvering, Commissioner of Internal Revenue,* v. *Thomson, Executrix,* on writ of certiorari, 310 U. S. 620, to the Circuit Court of Appeals for the Second Circuit.

*Miss Helen R. Carloss,* with whom *Solicitor General Biddle, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *J. Louis Monarch* were on the brief, for the Commissioner of Internal Revenue.

*Mr. T. F. Davies Haines* for respondent in No. 58.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

These cases present the question whether upon the surrender of bonds or debentures in exchange for a money payment less than cost, a taxpayer may deduct the loss from his gross income as a bad debt under § 23 (k) [1] or must treat it as a capital loss under § 117 (f) [2] of the Revenue Act of 1934.

In number 55 it appears that the taxpayer owned $15,000 par value of bonds of a water district, acquired by gift. The district being in financial difficulties offered to pay $7,476.75 for them. The offer was accepted and the bonds delivered. In his tax return the taxpayer claimed a deduction of $7,523.25 as for a bad debt charged off. The Commissioner disallowed the deduction, and the Board of Tax Appeals and the Circuit Court of Appeals [3] sustained his ruling.

In number 58 the facts are that the taxpayer bought $25,000 par value of debentures for $24,750. The issuer's affairs were placed in the hands of a receiver. A plan of reorganization provided that the receiver should pay $5.00 for each $1000 debenture surrendered for cancellation. The taxpayer availed himself of this provision, and in his tax return claimed a deduction of $24,625, as for a bad debt. The Commissioner disallowed the claim,

---

[1] 48 Stat. 689; 26 U. S. C. § 23 (k).

[2] 48 Stat. 715; 26 U. S. C. § 117 (f).

[3] 110 F. 2d 878.

and the Board of Tax Appeals affirmed his decision. The Circuit Court of Appeals reversed.[4]

By reason of the conflict of decision we granted certiorari in both cases.

The earlier revenue acts contained sections similar to 23 (k) of the Act of 1934. They also embodied provisions for calculation of taxes on capital net gains. None of them included any section like 117 (f). Prior to the adoption of the 1934 Act it had been held that the phrase "sale or exchange" of capital assets, employed in those Acts, was not descriptive of the redemption or call for repayment of corporate securities, and hence gain thereby occasioned was to be treated as ordinary income,[5] and loss so arising was to be deducted from gross income as a bad debt.[6]

The Revenue Act of 1934, by sub-section (f) of § 117, provided that for the purposes of the title dealing with capital gains and losses, "amounts received by the holder upon the retirement" of such securities as are here involved, "shall be considered as amounts received in exchange therefor."

It is plain that Congress intended by the new subsection (f) to take out of the bad debt provision certain transactions and to place them in the category of capital gains and losses. The question is whether by employing the word "retirement" the transactions here involved were so transferred. We hold that they were.

---

[4] 108 F. 2d 642.

[5] Watson v. Commissioner, 27 B. T. A. 463; Braun v. Commissioner, 29 B. T. A. 1161. This view was adopted by this Court as respects the Revenue Act of 1928, subsequent to the adoption of the Act of 1934. Fairbanks v. United States, 306 U. S. 436.

[6] Commonwealth Bank v. Lucas, 59 App. D. C. 317; 41 F. 2d 111; Lebanon National Bank v. Commissioner, 76 F. 2d 792; Pacific National Bank v. Commissioner, 91 F. 2d 103.

"Retirement" aptly describes what occurred in the instant cases. The statute does not use the word in an unusual or artificial sense. In common understanding and according to dictionary definition the word "retirement" is broader in scope than "redemption"; is not, as contended, synonymous with the latter, but includes it. Nothing in the legislative history of the provision requires us to attribute to the term used a meaning narrower than its accepted meaning in common speech.

The taxpayer in number 58 urges that to hold subsection (f) applicable in his case would give the provision an unjust effect, since, if he had refused to surrender his debentures for the trifling consideration offered, he could have charged off their whole cost as a bad debt under § 23 (k). The answer is that we must apply the statute as we find it, leaving to Congress the correction of asserted inconsistencies and inequalities in its operation.

The court below held in number 58 that the phrase "retirement" could properly be applied only to voluntary action on the debtor's part in fulfilment of his promise to pay. This is but to say that retirement means no more than call and redemption pursuant to the terms of the obligation. But as we have said, the two are not in common understanding the same.

The judgment in number 55 is affirmed, and that in number 58 is reversed.

*No. 55, affirmed.*
*No. 58, reversed.*