*1050 OPINION.
Black :
On the facts disclosed in our findings of fact, we think the Commissioner must be sustained.
If the transaction by which petitioner received a cash disbursement of 15 percent on his Floridan bonds and 10 percent on his Dixie bonds, and by which he later received from Barron G. Collier 25 percent in cash for his income bonds, be viewed as one transaction and not separable, then it amounted to a retirement of the old bonds which he held for which he received 40 percent in cash for the Floridan bonds and 35 percent in cash for the Dixie bonds. The transaction *1051 would then come within the provisions of section 117 (f) of the Revenue Act of 1936, printed in the margin.[1]
If the transaction be viewed as a retirement of the old bonds which petitioner held, for cash, then the loss sustained thereby was a capital loss within the provisions of section 117 (d) of the Revenue Act of 1936, printed in the margin.[2] McClain v. Commissioner, 311 U. S. 527, and Helvering v. Thomson, 311 U. S. 527.
If, however, the transactions be viewed separately, as petitioner contends they should be, we think the results are the same. Petitioner’s exchange of his old bonds for a cash payment and new income bonds of 20 percent of the face value of the old ones was done as part of a plan in a 77B bankruptcy reorganization and we have held that no gain or loss is recognized in such a reorganization. Edith M. Greenwood, 41 B. T. A. 664. In the latter case we held that, where, pursuant to a reorganization of a corporation under section 77B of the Bankruptcy Act, a taxpayer exchanged her old bonds for new and different bonds having a lesser face value, the taxpayer was not entitled to deduct the difference in such value as a partially worthless debt.
Thus, in the instant case, when petitioner exchanged his old bonds for a cash payment and new and different bonds of á 20 percent face value of the old bonds, he was not entitled to deduct the difference between the cost basis of his old bonds and the aggregate value of what he had received in exchange as a partially worthless debt. Edith M. Greenwood, supra. Of course, when, in the same year, he sold the income bonds which he had received in the exchange for 25 cents on the dollar, he was entitled to take his loss deduction, but that loss deduction is a capital loss and is limited by the provisions of section 117 (d), supra.
Therefore, whether we view the transactions as a retirement of petitioner’s old bonds for cash which was equal to part of their face value or whether we view the transactions as a reorganization under 77B of the Bankruptcy Act, and therefore a statutory reorganization under section 112 (g) of the Revenue Act of 1936, and the subsequent sale by petitioner of the income bonds which he received in'the reorganization, the loss which petitioner incurred is in either event a capital loss, limited by section 117 (d), and can not be taken as a partial bad debt loss under section 23 (k) of the Revenue Act of 1936.
Decision will be entered for respondent.

 (f) Retirement of Bonds, Etc.—For the purposes of this title, amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form, shall be considered as amounts received in exchange therefor.

 (d) Limitation on Capital Losses.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges. * * *