*Decisions will be entered under Rule 50.*

MAURICE LEVY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105086. Promulgated February 25, 1942.

*Andrew B. Trudgian, Esq.*, and *Sidney I. Roberts, Esq.*, for the petitioner.

*Allen T. Akin, Esq.*, for the respondent.

## OPINION.

ARUNDELL: The only question before us is whether or not petitioner is entitled to a deduction for a partial bad debt with respect to the account receivable sold by petitioner in the taxable year or whether he is limited in his deduction by section 117 of the Revenue Act of 1936. Petitioner contends that he ascertained the account to be partially uncollectible and charged off that amount in the taxable year. Respondent argues that the sale of the account receivable gave rise to the loss and that the transaction was a sale or exchange of a capital asset within the purview of section 117.

Section 23 (k) of the Revenue Act of 1936 permits a deduction for a debt ascertained to be partially worthless and written off in the taxable year. Section 117 provides that a loss on the sale or exchange of capital assets will be allowed only to the extent of $2,000 plus gains from sales or exchanges of such assets.

Petitioner concedes that the account receivable here under consideration is property. It follows that it must also constitute a capital asset. *Ralph Perkins*, 41 B. T. A. 1225. Unquestionably, the account was sold. It would seem therefore that, unless petitioner has shown the deduction to be allowable under section 23 (k), the limitations of section 117 must be imposed.

We do not disagree with petitioner's claim that he ascertained the account to be partially worthless. Petitioner was in full possession of all facts concerning the debtor's condition and the fact that he sold the account for a price far less than its face amount is strong indication of ascertainment of partial worthlessness. But this fact does not change what occurred. The debt was sold and at the time the charge-off was made on the books of the petitioner he was not in

fact the owner of the account receivable. *McClain* v. *Commissioner*, 110 Fed. (2d) 878; affd., 311 U. S. 527; *Leslie H. Reed*, 45 B. T. A. 1130.

We may pass the query as to what would have happened had the partial write-off taken place in a prior year when petitioner was still the owner of the debt. Nor are the cases in point which deal with a settlement made directly between a creditor and debtor where the debt is liquidated for less than the amount due. Cf. *James R. Stewart*, 39 B. T. A. 87. In such circumstances the creditor would ordinarily have a right to charge off the difference.

What actually is done rather than what might have been done usually determines the tax consequences. Here there was, within the taxable year, before the actual charge-off of the indebtedness, the sale of the account. The facts bring the case squarely within the provisions of section 117 and, in our opinion, that fact must control, with the consequent limitation of the loss from the sale.

*McClain* v. *Commissioner, supra*, is helpful. While in that case the court was concerned solely with determining whether certain bond transactions would be regarded as retirements so as to bring into play section 117 (f), the broad question of the deductibility of a bad debt where there was a sale or exchange was necessarily involved. The holding of the court was that the transaction resulted in a retirement of bonds and must necessarily be treated as a sale or exchange with a consequent limitation of the loss. In so holding, the court stated that in such circumstances Congress intended by the new subsection (f) to take out of the bad debt provision certain transactions and to place them in the category of capital gains and losses.

It follows that the respondent's determination must be sustained.

*Decision will be entered for the respondent.*