BERTHA A. HENRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7674. Promulgated June 26, 1946.

*A. Ralph Vaccaro, Esq.,* for the petitioner.
*A. J. McDowell, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge*: The ultimate question here is one of petitioner's basis for gain or loss upon the new company bonds and stock. Petitioner contends that the basis is $5,000, the original cost to her of the old company bonds. Respondent contends that it should be the fair market value of the new company bonds and stock at the time petitioner received them. The question is dependent upon what effect the reorganization of the old company in 1936, under section 77B of the Bankruptcy Act, together with subsequent events hereinafter referred to, had upon the carry-over of petitioner's basis from the old bonds to the new.

Petitioner relies upon section 121 of the Revenue Act of 1943, which, *inter alia*, added to the Internal Revenue Code sections 112 (b) (10) and 112 (l). Section 112 (b) (10) relates to the gain or loss of corporations undergoing receivership or bankruptcy reorganizations. By the amending statute, a provision having the effect of section 112 (b) (10) is "deemed to be included in the revenue laws respectively applicable to taxable years beginning after December 31,

1933," without, however, affecting the tax liability of the corporation for any year beginning prior to January 1, 1943. Section 112 (1), with which we are more particularly concerned here, relates to recognition of gain or loss of the security holders upon exchanges in connection with receivership and bankruptcy reorganizations. A provision having the effect of this section is "deemed to be included in the revenue laws respectively applicable to taxable years beginning after December 31, 1931." Sections 112 (b) (10) and 112 (1) are set out in the margin.[1]

In connection with the amendments made by section 121 of the Revenue Act of 1943, the Senate Finance Committee, citing *Helvering* v. *Alabama Asphaltic Limestone Co.*, 315 U. S. 179, and *Helvering* v. *Southwest Consolidated Corporation*, 315 U. S. 194, pointed out that under existing law "great confusion and uncertainty exist with respect to the tax consequences * * * of certain insolvency reorganizations which are effected under a plan of reorganization ordered by a court having jurisdiction of the corporation which is being reorganized." The committee report [2] explained that the general purpose of the amendments was to provide for the tax treatment of

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

* * * * * * *

(b) EXCHANGES SOLELY IN KIND.—

* * * * * * *

(10) GAIN OR LOSS NOT RECOGNIZED ON REORGANIZATION OF CORPORATIONS IN CERTAIN RECEIVERSHIP AND BANKRUPTCY PROCEEDINGS.—No gain or loss shall be recognized if property of a corporation (other than a railroad corporation, as defined in section 77m of the National Bankruptcy Act, as amended) is transferred, in a taxable year of such corporation beginning after December 31, 1933, in pursuance of an order of the court having jurisdiction of such corporation—

(A) in a receivership, foreclosure, or similar proceeding, or

(B) in a proceeding under section 77B or Chapter X of the National Bankruptcy Act, as amended,

to another corporation organized or made use of to effectuate a plan of reorganization approved by the court in such proceeding, in exchange solely for stock or securities in such other corporation.

* * * * * * *

(1) EXCHANGES BY SECURITY HOLDERS IN CONNECTION WITH CERTAIN CORPORATE REORGANIZATIONS.—

(1) GENERAL RULE.—No gain or loss shall be recognized upon an exchange consisting of the relinquishment or extinguishment of stock or securities in a corporation the plan of reorganization of which is approved by the court in a proceeding described in subsection (b) (10), in consideration of the acquisition solely of stock or securities in a corporation organized or made use of to effectuate such plan of reorganization.

(2) EXCHANGE OCCURRING IN TAXABLE YEARS BEGINNING PRIOR TO JANUARY 1, 1943.— If the exchange occurred in a taxable year of the person acquiring such stock or securities beginning prior to January 1, 1943, then, under regulations prescribed by the Commissioner with the approval of the Secretary, gain or loss shall be recognized or not recognized—

(A) to the extent that it was recognized or not recognized in the final determination of the tax of such person for such taxable year, if such tax was finally determined prior to the ninetieth day after the date of the enactment of the Revenue Act of 1943; or

(B) in cases to which subparagraph (A) is not applicable, to the extent that it would be recognized or not recognized under the latest treatment of such exchange by such person prior to December 15, 1943, in connection with his tax liability for such taxable year.

[2] S. Rept. No. 627, 78th Cong., 1st sess., 1944 C. B. 973. 1010.

certain insolvency reorganizations under court supervision and stated that:

* * * The tax treatment provided includes the rules with respect to gain or loss and basis of assets which shall be used both for the determination of depreciation and gain or loss on subsequent sale, and for the determination of credit for excess profits tax purposes. Rules applicable to the determination of gain or loss, and basis of new securities to shareholders and creditors participating in the reorganization are likewise provided.

The general rule established by the new code section 112 (1) (1) is the nonrecognition of gain or loss to security holders upon exchanges of stock or securities in an old corporation for stock or securities in a new corporation organized or made use of to effectuate a plan of reorganization in a proceeding described in new section 112 (b) (10). One of the proceedings described in the latter section is a proceeding under section 77B of the Bankruptcy Act. The reorganization of the old company in 1936 was effected by means of such a proceeding. However, the exception provided in section 112 (1) (2) is applicable to petitioner, since the exchange occurred in a year prior to 1943. Furthermore, subparagraph (A) is the only one pertinent here, because petitioner's tax for the year of the exchange was finally determined prior to the date mentioned therein. The issue whether, for basis purposes, gain or loss is to be recognized on petitioner's 1936 exchange thus resolves itself into a question whether gain or loss actually was or was not recognized in the final determination of petitioner's tax for 1936.

For present purposes, therefore, it is immaterial whether the 1936 reorganization qualified as a tax-free reorganization under the then existing law, section 112 (g) (1) of the Revenue Act of 1936 (see *Helvering* v. *Southwest Consolidated Corporation, supra*), or whether, if not, the security holders' exchange would qualify as tax-free under section 112 (b) (5) of that act, as construed in *Helvering* v. *Cement Investors, Inc.*, 316 U. S. 527.

It is apparent that the term "recognized" in section 112 (1) (2) (A) of the code is not employed in the usual sense attached to it in other sections, that is, in the sense of being "recognizable" under the law. On the contrary, its significance is the actual treatment in fact accorded the particular transaction, without regard to whether that treatment was proper under the law then existing. In this connection the Senate Finance Committee report stated that to "the extent that the provisions are retroactive, the treatment previously accorded the securities holders is frozen." The Conference Committee report,[3] in referring to the exception to the general rule of nonrecognition provided for those cases where the exchange occurred prior to 1943, stated that for "such cases

---

[3] H. Rept. No. 1079, 78th Cong., 2d sess., 1944 C. B. 1059, 1065.

the recognition or nonrecognition of gain or loss upon the exchange is made to depend  *  *  *  if the tax liability for such taxable year has been finally determined, upon the treatment accorded such transaction in such final determination." Respondent's regulation[4] upon the subject is as follows:

Subparagraph (A) of section 112 (l) (2) provides that if an exchange described in section 112 (l) (1)  *  *  *  occurred in a taxable year beginning prior to January 1, 1943, and the tax liability of the taxpayer for such taxable year was finally determined prior to May 25, 1944, the recognition or nonrecognition of gain or loss upon such exchange shall be determined *in accordance with the facts as to recognition or nonrecognition under such final determination.* Gain or loss shall be recognized in the amount *in fact* recognized in such final determination. *If no gain or loss was in fact recognized in such final determination, then no gain or loss shall be recognized under section 112 (l).* [Italics supplied.]

It is stipulated that respondent's determination of a deficiency against petitioner for 1936 was based upon and incorporated the recommendations of the revenue agent, the pertinent part of whose statement is set out in our findings. On that basis petitioner contends that loss was not "recognized" and respondent contends that it was. At the outset the revenue agent stated that the claimed loss deduction (which was a claim for bad debt loss) could not be allowed because "available evidence shows that this company reorganized in 1936 and issued new securities in exchange for the old." He went on to say that *if* the transaction constituted a taxable exchange (indicating that one of the tax services took the position that the exchange was apparently taxable), the loss would be a capital loss, and, since petitioner had already sustained capital losses from sales of other securities in excess of the $2,000 limit on deductibility of capital losses under section 117 (d) of the Revenue Act of 1936, "any loss from the above exchange would be of no benefit in 1936."

It appears to us that there was no ruling one way or the other as to whether loss on the exchange was to be recognized. We can not say that loss was *in fact recognized.* We do know that the claimed bad debt loss was not allowed, and that no loss of any kind was allowed in connection with the old company bonds. Respondent argues that a loss may be "recognized" without the allowance of any deduction in respect thereof because prevented by other sections of the law. No doubt, as a general proposition, that may be true, but it throws little light upon the particular problem at hand.

The purpose of Congress in adopting the amendments effected by section 121 of the Revenue Act of 1943, we think, is made clear in the committee reports. Congress sought to settle the confusion existing with respect to the tax consequences of, and to make uniform the

---

[4] Regulations 111, sec. 29.112 (1)–2, as added by T. D. 5402, and made applicable to the taxable year in question, covered by Regulations 103, 1944 C. B. 229, 236, 240.

tax treatment of, insolvency reorganizations, with regard not only to the corporation or corporations, but also with regard to the participating shareholders and creditors. And, since insolvency reorganizations and exchanges in connection therewith occurring in earlier years would have their effect on the determination of basis and other questions in later years when, for example, securities acquired in the exchange might be disposed of, Congress deemed it wise to make the amendments retroactive, with certain qualifications. Obviously, however, in so doing Congress did not intend to allow a security holder who had taken a tax deduction for loss on account of such an exchange in an earlier year, now closed, to obtain in effect a double deduction upon the disposition of the new securities in a later year, by virtue of using a carried over basis. So, the net effect in such cases was to leave both the taxpayer and the Commissioner in the position in which they had placed themselves.

The facts here are that petitioner claimed deduction for a bad debt loss in 1935 and again in 1936, and that the deductions claimed were disallowed—whether properly so we need not decide. In any event, she has never been allowed any loss deduction in connection with the old or the new bonds and has had no tax benefit. We do not say that cases in general arising under section 112 (1) (2) (A) are to be decided according to a tax benefit test. But in the circumstances of the instant case, where petitioner has never been allowed a loss deduction, and where there was no clear ruling showing a recognition of loss in the final determination of the petitioner's tax liability for 1936, we think it best accords with the Congressional purpose, as well as with considerations of substantial justice, to hold that no gain or loss shall be recognized to petitioner under section 112 (1) on the 1936 exchange. It results that petitioner is entitled to a carry-over basis of $5,000 from the old bonds to the new bonds and stock under section 113 (a) (6) of the code, as amended by section 121 (c) (1) and (2) of the Revenue Act of 1943.[5] Petitioner therefore correctly computed her loss upon the disposition of the new company bonds and stock in 1941 and is entitled to the claimed deduction of $2,200.50 as a long term capital loss.

*Decision will be entered for the petitioner.*

---

[5] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

\* \* \* \* \* \* \*

(6) TAX-FREE EXCHANGES GENERALLY.—If the property was acquired, after February 28, 1913, upon an exchange described in \* \* \* section 112 (1), the basis \* \* \* shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. \* \* \*