**BENEDUM v. GRANGER, Collector of Internal Revenue (two cases).**

Civ. A. Nos. 5837, 5838.

United States District Court
W. D. Pennsylvania.

Jan. 28, 1949.

Weller, Wicks & Wallace, of Pittsburgh, Pa., for plaintiffs.

Arthur L. Jacobs, Sp. Asst. to Atty. Gen., for defendant.

McVICAR, District Judge.

The above two actions against the Collector of Internal Revenue of this district are for the recovery of income taxes alleged to have been erroneously collected from the plaintiffs by the defendant. Both actions involve additional assessments made by reason of disallowance of bad debt deductions claimed in the taxpayers' 1936 income tax returns. In each case the obligation which gave rise to the bad debt deductions were obligations of Carbo-Oxygen Company which became partially worthless in the year 1936. Plaintiff, Sarah N. Benedum, held the Company's first mortgage bonds and the plaintiff, M. L. Benedum, held the Company's promissory notes secured by its first mortgage bonds, bonds acquired by purchase and a claim derived from payment as endorser of a Carbo-Oxygen Company note.

During some time prior to 1936, Carbo-Oxygen Company had been in financial difficulties. On December 31, 1934, it defaulted in the payment of interest then due on its first mortgage bonds, and in 1935 a receiver was appointed for the Company by this Court in proceedings instituted for the foreclosure of the mortgage given to secure its bonds. On May 1, 1936, Carbo-Oxygen Company, as debtor, filed its petition in this Court for a reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. On July 14, 1936 by final decree in said proceedings, this Court approved a Plan of Reorganization which the debtor had submitted with its petition and fixed August 1, 1936 as the effective date of the plan. Pursuant to the terms of said plan all assets of Carbo-Oxygen Company were transferred to a new Company, viz., Carbo-Oxygen Company, Inc. The preferred and common stocks of the new company were turned over to the trustee in the reorganization proceedings for delivery to the stockholders and creditors of the old company upon surrender of their stocks and claims. Both plaintiffs surrendered their obligations of the old company and in exchange therefor received the stocks of the new company in accordance with the Plan of Reorganization.

In their respective income tax returns for the year 1936, plaintiffs measured their

bad debt deductions arising from the partial worthlessness of the obligations of the old company by the difference between the cost basis of such obligations and the par value of the stocks of the new company which they received in exchange therefor. The Revenue Agent in Charge based the disallowance of said bad debt deductions upon the ground that the transaction was a non-taxable exchange. The additional assessments arising from the disallowance of said deductions, together with interest, were paid by the taxpayers to the defendant, refund claims were filed by the taxpayers, said claims were disallowed by the Commissioner of Internal Revenue and these actions were brought to recover the amounts so paid, together with interest, from the dates of payment.

The facts are fully stated in the Findings of Fact made by the Court, which includes the stipulated facts made by the parties.

Are plaintiffs entitled to a bad debt deduction in their 1936 income tax returns by reason of the decrease in value of their Carbo-Oxygen Company indebtedness as determined in the Carbo-Oxygen Company reorganization proceedings?

The Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, pages 813, 828, provides:

"23(k) Bad Debts. Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction."

In McClain v. Commissioner of Internal Revenue (Helvering, Commissioner v. Thomson), 311 U.S. 527, 61 S.Ct. 373, 85 L.Ed. 319, the Supreme Court decided that Section 23(k) of the Revenue Act of 1934 was limited by Section 117 of said Act and that consequently losses resulting on the exchange of bonds must be treated as capital losses. See Bunker Hill and Sullivan Mining Co. v. Commissioner of Internal Revenue, 1 T.C. 1057. ·

Losses on loan and endorser liability of M. L. Benedum are deductible as debts determined to be partially worthless.

To the extent that plaintiffs' claims are represented by losses sustained upon exchange of securities of an insolvent corporation in connection with its reorganization such losses are recognized as bad debt deductions under the provisions of Section 112*(l)* of the Internal Revenue Code, 26 U.S.C.A. § 112*(l)*.

Section 121 of the Revenue Act of 1943 amended the Internal Revenue Code by adding subsections, 112(b) and 112*(l)*. These added provisions are as follows:

"112(b) (10) Gain or loss not recognized on reorganization of corporations in certain receivership and bankruptcy proceedings. No gain or loss shall be recognized if property of a corporation (other than a railroad corporation, as defined in section 77m of the National Bankruptcy Act, as amended) is transferred, in a taxable year of such corporation beginning after December 31, 1933, in pursuance of an order of the court having jurisdiction of such corporation—

"(A) in a receivership, foreclosure, or similar proceeding, or

"(B) in a proceeding under section 77B or Chapter X of the National Bankruptcy Act, as amended, to another corporation organized or made use of to effectuate a plan of reorganization approved by the court in such proceeding, in exchange solely for stock or securities in such other corporation."

"112*(l)* Exchange by security holders in connection with certain corporation reorganizations.

"(1) General rule. No gain or loss shall be recognized upon an exchange consisting of the relinquishment or extinguishment of stock or securities in a corporation the plan of reorganization of which is approved by the court in a proceeding described in subsection (b) (10), in consideration of the acquisition solely of stock or securities in a corporation organized or made use of to effectuate such plan of reorganization.

"(2) Exchange occurring in taxable years beginning prior to January 1, 1943. If the exchange occurred in a taxable year of the person acquiring such stock or securities beginning prior to January 1, 1943, then, under regulations prescribed by the Commissioner with the approval of the Secretary, gain or loss shall be recognized or not recognized—

"(A) to the extent that it was recognized or not recognized in the final determination of the tax of such person for such taxable year, if such tax was finally determined prior to the ninetieth day after the date of the enactment of the Revenue Act of 1943; or

"(B) in cases to which subparagraph (A) is not applicable, to the extent that it would be recognized or not recognized under the latest treatment of such exchange by such person prior to December 15, 1943, in connection with his tax liability for such taxable year."

Subsection (B), Regulations 111, Sec. 29, 112(1)-2(b), provides in part:

"For the purposes of this section, such position must have been formally maintained by the taxpayer in his return, or amended return for the taxable year, in a claim for refund in a proceeding before a court or the Tax Court or the Board of Tax Appeals, or in some formal action taken in connection with the determination or proposed determination of his tax liability for such taxable year."

It is clear under the stipulated facts, that the position taken by both plaintiffs is within the requirements of Section 112(l) (2) (B) and the applicable regulations. See Bertha A. Henry, 7 T.C. 228.

Plaintiff, M. L. Benedum, is entitled to the bad debt deduction claimed by him in his 1936 Income Tax Return in part upon the authority of section 23(k) of the Revenue Act of 1936 and in part by the provisions of Section 112(l) (2) (B) of the Internal Revenue Code. The portion of the bad debt deduction which arose from the exchange of demand notes of Carbo-Oxygen Company for securities in Carbo-Oxygen Company, Inc., comes within the provisions of Section 23(k) of the Revenue Act of 1936. The portion of the bad debt deduction which arose from the exchange of the claim of plaintiff M. L. Benedum against Carbo-Oxygen Company by reason of payment by him of his endorser liability on the note of Carbo-Oxygen Company for securities in Carbo-Oxygen Company, Inc., is authorized under the provisions of Section 23(k) of the Revenue Act of 1936. The portion of the bad debt deduction which arises by reason of the exchange of securities (bonds) of Carbo-Oxygen Company for securities of Carbo-Oxygen Company, Inc., comes within the provisions of Section 112(l) (2) (B) of the Internal Revenue Code and is allowable.

The plaintiff, Sarah N. Benedum, is entitled to the bad debt deduction claimed by her in her 1936 Income Tax Return as a result of the exchange of bonds of Carbo-Oxygen Company for securities of Carbo-Oxygen Company, Inc., under the provisions of Section 112(l) (2) (B) of the Internal Revenue Code.

Plaintiffs are entitled to judgment against the defendant for the amount of their respective claims.

Let orders be prepared and submitted in accordance with the foregoing Findings of Fact, Conclusions of Law and this opinion.

Before reaching the above conclusions, the seven contentions of the defendant and the arguments in support thereof were considered. The seven contentions are:

I. Any deductible loss sustained by the plaintiffs on the exchange of Old Company bonds is a capital loss and the plaintiffs' deductible capital losses are limited to $2,000 under Section 117(d).

II. M. L. Benedum's alleged loss on Old Company obligations other than bonds is a capital loss, subject to the limitations of Section 117(d).

III. The plaintiffs acquired New Company stock in exchange for their equitable interest in the New Company under the foreclosure and Section 77B proceedings; hence, any loss is a capital loss subject to the limitations of section 117(d).

IV. The plaintiffs did not sustain any recognized loss under Section 112(l).

V. No loss is recognized by the plaintiffs' exchange of Old Company bonds under Section 112(b) (3).

138

VI. The application of Section 112(b)(5) to M. L. Benedum's exchange of Old Company obligations other than bonds.

VII. The record does not establish that the plaintiffs sustained a loss in the amount claimed in 1936.

The Court, after hearing, makes the following Findings of Fact and Conclusions of Law:

### No. 5837: Findings of Fact

1. The facts as stipulated by the parties in writing and filed with the papers in this case.

2. The cost basis of the first mortgage bonds of Carbo-Oxygen Company in the face amount of $499,000.00 held by plaintiff was $469,769.07.

3. The par values of the stocks of Carbo-Oxygen Company, Inc., received by plaintiff in exchange for her bonds of Carbo-Oxygen Company were the fair values of said stocks at the time of the exchange, to wit, $1.00 for each share of common stock and $5.00 for each share of preferred stock.

4. During the negotiations between plaintiff, acting through her tax representative Edward B. Kelley, and representatives of the office of the Revenue Agent in Charge with regard to the income tax liability of plaintiff for the years 1934, 1935, 1936 and 1937, Mr. Kelley, on behalf of the plaintiff, advised the representatives of the Revenue Agent that plaintiff would sign closing agreements for the years 1934 and 1935, but that for the year 1936 plaintiff would pay the tax and file a claim for refund for the tax so paid. No agreement was considered for the year 1937 tax because the deficiency was only $59.99.

5. The bad debt deductions claimed by the plaintiff in her 1936 Income Tax Return constituted the latest treatment of the loss covered by such deductions formally maintained by her prior to December 15, 1943.

6. The bad debt deduction claimed and formally maintained in plaintiff's 1936 Income Tax Return was never abandoned by her in any subsequent action.

### No. 5837: Conclusions of Law

1. Plaintiff is entitled to a bad debt deduction under the provisions of Section 23(k) of the Revenue Act of 1936 and Section 112(l) (2) (B) of the Internal Revenue Code, retroactively made part of the Revenue Act of 1936 by Section 121(e) of the Revenue Act of 1943, 26 U.S.C.A. § 112 note, to the extent of the loss suffered by reason of the partial worthlessness of the bonds of Carbo-Oxygen Company in the face amount of $499,000.00, measured by the difference between her cost basis of said bonds and the value of the stocks of Carbo-Oxygen Company, Inc., received in exchange therefor.

2. Plaintiff is entitled to judgment to cover her losses as found in Conclusion of Law No. 1 and the facts as found.

### No. 5838: Findings of Fact

1. The facts as stipulated by the parties in writing and filed with the papers in this case.

2. The cost basis of the several demand promissory notes of Carbo-Oxygen Company payable to the plaintiff bearing the following dates and the following amounts, viz.:

| Date | Amount |
| --- | --- |
| May 31, 1929 | $175,000.00 |
| October 17, 1931 | 5,000.00 |
| January 14, 1932 | 5,000.00 |
| June 1, 1932 | 5,000.00 |
| July 23, 1932 | 5,000.00 |
| September 19, 1932 | 2,500.00 |
| November 10, 1932 | 2,500.00 |
| December 1, 1932 | 5,000.00 |
| January 3, 1933 | 5,000.00 |
| February 1, 1933 | 2,500.00 |
| March 15, 1933 | 2,500.00 |
| April 4, 1933 | 2,500.00 |
| July 26, 1933 | 2,500.00 |

was the face amount of said notes totaling $220,000.00.

3. All of the notes covered in Finding 2 were charged off in the year 1934 except $166,000.00 of the note dated May 31, 1929 in the face amount of $175,000.00, which note was secured by first mortgage bonds of Carbo-Oxygen Company in the face amount of $166,000.00.

4. Plaintiff's cost basis of that portion of the collateral promissory note dated May 31, 1929 in the amount of $175,000.00, not charged off by plaintiff in 1934, was $166,000.00.

5. The cost basis of plaintiff's claim against Carbo-Oxygen Company arising by reason of his payment as endorser of a note of Carbo-Oxygen Company was $12,000.00.

6. Plaintiff's cost basis of his first mortgage bonds of Carbo-Oxygen Company in the face amount of $5,000.00 was $3,750.00.

7. The par values of the stocks of Carbo-Oxygen Company, Inc., received by plaintiff in exchange for his obligations against Carbo-Oxygen Company were the fair values of said stocks at the time of the exchange, to wit, $1.00 for each share of common stock and $5.00 for each share of preferred stock.

8. During the negotiations between plaintiff, acting through his tax representative Edward B. Kelley, and representatives of the office of the Revenue Agent in Charge with regard to the income tax liability of plaintiff for the years 1934, 1935, 1936 and 1937, Mr. Kelley, on behalf of the plaintiff, advised the representatives of the Revenue Agent that plaintiff would sign closing agreements for the years 1934, 1935 and 1937, but that for the year 1936 plaintiff would pay the tax and file a claim for refund for the tax so paid.

9. The bad debt deductions claimed by the plaintiff in his 1936 Income Tax Return constituted the latest treatment of the losses covered by such deductions formally maintained by him prior to December 15, 1943.

10. The bad debt deductions claimed and formally maintained in plaintiff's 1936 Income Tax Return were never abandoned by him in any subsequent action.

## No. 5838: Conclusions of Law

1. The plaintiff is entitled to a bad debt deduction under the provisions of Section 23(k) of the Revenue Act of 1936 to the extent of the loss suffered by reason of the partial worthlessness of his secured note in the amount of $166,000.00, measured by the difference between the cost basis of said note and the value of the stocks of Carbo-Oxygen Company, Inc., received in exchange for the bonds of Carbo-Oxygen Company held as security for the payment of said note.

2. The plaintiff is entitled to a bad debt deduction under the provisions of Section 23(k) of the Revenue Act of 1936 to the extent of the loss suffered by reason of the partial worthlessness of his claim in the amount of $12,000.00 against Carbo-Oxygen Company arising by reason of his liability as endorser of a note of Carbo-Oxygen Company, measured by the difference between the cost basis of said claim and the value of the stock of Carbo-Oxygen Company, Inc., received in exchange therefor.

3. Plaintiff is entitled to a bad debt deduction under the provisions of Section 23 (k) of the Revenue Act of 1936 and Section 112(l) (2) (B) of the Internal Revenue Code, retroactively made part of the Revenue Act of 1936 by Section 121(e) of the Revenue Act of 1943, to the extent of the loss suffered by reason of the partial worthlessness of the bonds of Carbo-Oxygen Company in the face amount of $5,000.00, measured by the difference between his cost basis of said bonds and the value of the stocks of Carbo-Oxygen Company, Inc., received in exchange therefor.

4. Plaintiff is entitled to judgment to cover his losses as found in Conclusions of Law 1, 2 and 3 and the facts as found.