NORMAN BUCKNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99844.   Promulgated March 14, 1941.

*John C. Evans, Esq.,* and *George L. Cassidy, Esq.,* for the petitioner.
*Paul A. Sebastian, Esq.,* for the respondent.

OPINION.

OPPER: Respondent's determination of a deficiency in income tax for the year 1937 of $3,846.01 is in part the subject of the present proceeding. All of the pertinent facts have been stipulated and are hereby found in accordance with the stipulation.

The question raised is whether gain received by petitioner as the result of payments to him during the taxable year by the receiver of the First National Bank of Pontiac is capital gain or ordinary income. Petitioner became the owner, in whole or in part, of claims against the bank by purchase from the original deposit creditors. Certificates issued by the receiver, and assigned to petitioner, carry notations of the periodic payments made on account of the claims, the total of which is apparently conceded to exceed the amount petitioner paid for the claims. Petitioner contends that under the provisions of the Revenue Act of 1936, section 117 (f),[1] there was a "retirement" of a "certificate or other evidence of indebtedness"

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

    *        *        *        *        *        *

    (f) RETIREMENT OF BONDS, ETC.—For the purposes of this title, amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form, shall be considered as amounts received in exchange therefor.

within the meaning of that section authorizing him to treat the payments as equivalent to a sale or exchange.

Without considering whether these payments, which were merely made on account and were nothing more than dividends paid to creditors out of the proceeds of liquidation—and which obviously did not "retire" the obligation since further dividends were payable after the taxable year—nevertheless constituted retirements under that section, cf. *McClain* v. *Commissioner*, 311 U. S. 527; and without considering whether a certificate issued by the receiver of a national bank may be considered to be one "issued by any corporation" which the section in question requires; and without considering whether it is "in registered form", merely because assignments are required to be noted on the receiver's records; it seems to us necessary to reject petitioner's contention at least on the ground that the documents in question were not such certificates of indebtedness or other evidence thereof as the statute contemplates. The function of the instruments in issue here, which are entitled "Receiver's Certificate of Proof of Claim", was obviously entirely different from the bond, note, or other evidence of indebtedness to which section 117 (f) refers. These certificates hold forth to the world not so much that the bank is indebted to the person named as that he "has this day made legal and satisfactory proof" to the receiver of that fact. We can not accept the view that the careful and exclusive language of the section under consideration was designed to include anything so far afield as a receiver's certificate of proof of claim.

To clinch this proposition, it needs only to be observed that the provisions of section 117 (f) and of the bad debt section are mutually exclusive, *McClain* v. *Commissioner*, *supra;* that the right of a bank depositor to treat his deposit as an indebtedness and its nonpayment as a worthless debt for tax purposes has been repeatedly recognized, *Eastern New Jersey Power Co.*, 37 B. T. A. 1037; *Charles T. Carlson*, 39 B. T. A. 185; and that, therefore, we must either conclude in contradiction to these cases that persons situated similarly to this petitioner's assignor are to be deprived of the bad debt deduction merely because a receiver's certificate of proof of claim has been issued to them or conclude, as we do here, that the gain on payment of the claim is ordinary income and not governed by section 117 (f).

*Decision will be entered for the respondent.*