The M. Conley Company v. Commissioner.
M. Conley Co. v. Commissioner
Docket No. 109471.
United States Tax Court
1943 Tax Ct. Memo LEXIS 525; 1 T.C.M. (CCH) 373; T.C.M. (RIA) 43008; January 4, 1943
*525 John E. O. Feller, C.P.A., 132 Market Ave., S., Canton, O., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This proceeding involves deficiencies in income and excess profits taxes for the calendar year 1939, determined by the Commissioner in the respective amounts of $3,108.31 and $753.50. The only issue for decision is whether petitioner is entitled to a deduction in the amount of $10,306.98 for either capital loss or worthless debt. Findings of Fact The petitioner is a business corporation organized under the laws of the State of Ohio. It filed its income and excess profits tax return for 1939 with the collector for the eighteenth district of Ohio. On February 14, 1931, petitioner had $63,877.15 on deposit in the Canton Bank, of Canton, Ohio. By order of the Superintendent of Banks of the State of Ohio, the bank was closed on that day, and was subsequently placed in liquidation. A certificate of claim was issued to petitioner evidencing its account, and payments were made thereon from time to time as the liquidation progressed. In the latter part of 1939, $22,356.98 of the original face amount *526 of the claim remained unpaid. In November or December 1939, Michael Conley, petitioner's president and the owner of 69 per cent of its capital stock, was advised by the officer in charge of the liquidation that the final dividend for holders of claims would, when paid, equal or slightly exceed 18 per cent of the original face amount of the claims. In the latter part of December, Conley purchased all of petitioner's rights, title and interest in and to the account in the closed bank for $12,050, and executed his promissory note in that amount payable to petitioner for the purchase price. The transaction was reflected on petitioner's books of account by the following journal entries: Debit
Credit
Profit & Loss
$10,306.98
Notes Receivable, (M.
Conley)
12,050.00
Canton Bank & Trust
Company (Account
receivable)
$22,356.98 Under date of December 30, 1939, corresponding entries were made in its Profit and Loss, Notes Receivable and Canton Bank ledger accounts. Thereafter petitioner's books reflected no claim against the bank. There was no agreement between Conley and the petitioner conditioning the payment of the former's note upon the receipt by him of any amount from *527 the closed bank. Subsequently, on January 4 or 5, 1940, the officer in charge of the liquidation assigned to Conley petitioner's claim against the bank. The claim was never reassigned to petitioner, and the final dividend amounting to about $12,050 was paid to Conley by the liquidator late in January or early in February 1940. Conley issued his personal check dated February 1, 1940, payable to petitioner in the amount of $12,050. Petitioner credited that amount to notes receivable. It had retained possession of Conley's note until receipt of the check. Conley's reason for purchasing petitioner's claim and procuring its assignment to himself was his desire to get the account closed on petitioner's books. The liquidation had run over a considerable period of years, and he wanted, finally, to put petitioner in a position where its loss could be definitely ascertained and written off. The petitioner maintained no reserve for bad debts on its books, but followed the practice of charging them off as they were ascertained to be worthless. On its 1939 return, petitioner reported the difference between the unpaid balance of the face amount of its deposit and the amount of Conley's note *528 as a loss sustained on the sale of a capital asset. Respondent disallowed the deduction claimed in respect thereof, made certain other adjustments to net income not here in issue, and determined the deficiencies. Opinion The only question presented to us here is whether the Commissioner erred in his treatment of the claim which the petitioner made in its return for a capital loss in connection with its account in a closed bank. The Commissioner in the deficiency notice denied the claim with the explanation that it was held that the loss claimed was not allowable under the provisions of sections 23 and 24 (b)(1) of the Internal Revenue Code. The latter section reads in part as follows: (1) Losses disallowed. - In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly - * * * * *
(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual. Inasmuch as it is agreed that the petitioner is a corporation, that it sold its right in the *529 bank account to M. Conley, and that M. Conley was the owner of more than 50 per cent in value of its outstanding stock, it is apparent that the Commissioner's treatment of the matter was covered and authorized by the above section, unless the petitioner's further contention is sustained. That contention is that, although the petitioner claimed a capital loss on its income tax return, and agrees that a sale was made to M. Conley, it in fact suffered from a worthless debt to the extent of the difference between the original account with the bank and the amount for which it sold the residue of its claim to M. Conley, which worthlessness was so ascertained in the taxable year and therefore deducted. We think the record does not sustain such contention. There was a sale. It was a sale, not merely of the claim, but of the petitioner's interest in the bank deposit. Although there was an assignment to M. Conley of the bank's claim, this was by the liquidating officer and was not executed until January 4 or 5 of the following year and is not shown to assign less than petitioner's entire right in the deposit, so that cases involving certificates of proof of claim such as Norman Buckner, 43 B.T.A. 958, *530 do not apply. Petitioner reflected the matter on its books in the taxable year as a debit of $10,306.98 under profit and loss, and debited also notes receivable from M. Conley in the amount of $12,050, the amount of the note which he gave to the bank, in payment for the account. After the sale to M. Conley, the petitioner's books showed no claim against the bank and there was no agreement between petitioner and M. Conley constituting a condition in the sale. At the time of filing its return, the petitioner was definitely of the opinion that there was sale and capital loss. We think that was the proper view, and that the later theory of worthless debt does not find foundation in a record wherein the petitioner's treatment of the matter, both in its books and on its returns, contradicts the theory of worthless debt. Therefore, under section 24 (b)(1)(b), the capital loss and the claim of worthless debt is disallowed. Decision will be entered for the respondent.