## THOMAS et ux. v. UNITED STATES.

District Court, N. D. Texas, Wichita Falls Division. December 7, 1927.

No. 414.

**1. Internal revenue &#9756;38(3)—Payment under protest of income taxes under additional assessment barred by statute may be recovered.**

If statute of limitations runs before making additional assessment of income tax, party paying additional tax under protest is entitled to recover tax paid, if preliminary proceedings provided by statute are complied with.

**2. Internal revenue &#9756;25—Statute limiting time for levy of additional income tax assessment against wife ran from date of original sole return of husband, not from date of wife's separate amended return.**

Where original sole income tax return of husband disclosed that wife made no separate return, separate return not being required by regulations of Internal Revenue Board Regulation 45, art. 401, and husband and wife subsequently filed amended returns under Treasury Decision 3071, permitting division of income between spouses, statute of limitations on additional assessment against wife for year for which return was made commenced to run from date of original return, and not from date of amendment, as original return was the return of the wife as well as of the husband.

**3. Internal revenue &#9756;25—Information on husband's tax return that wife was not making separate return gave sufficient notice that return was made for both spouses.**

Answers to questions on form furnished by Commissioner of Internal Revenue as to whether income tax payer was married or single, and, if married, whether his wife was making separate return, showing that taxpayer was married and that wife was not making separate return, put Commissioner on notice that return was made for both spouses.

At Law. Action by Mack Thomas and wife against the United States to recover income taxes paid under protest. Judgment for plaintiffs.

Harry Weeks, of Wichita Falls, Tex., for plaintiffs.

N. A. Dodge, U. S. Atty., of Fort Worth, Tex., and F. J. Ready, Jr., Sp. Asst. U. S. Atty., of Washington, D. C.

ATWELL, District Judge. For the taxable year 1919 Mr. Thomas filed a return on March 9, 1920. At that time the Commissioner of Internal Revenue was not permitting the husband and wife to file separate returns of their respective incomes under state community property laws. In Thomas' return, which included the income of Mrs. Thomas, there was no direct statement of such fact. It was not signed by Mrs. Thomas.

The return was made on the form furnished by the Commissioner. The questions on the form sought information as to whether Thomas was married or single, and, if married, whether his wife was making, or had made, a separate return. These questions were correctly answered by Thomas, and disclosed, in substance, that he was married, and that his wife was not making any separate return.

At that time regulations of the Internal Revenue Bureau required that the husband should include in his return the income derived from services rendered by the wife, or from the sale of products of her labor, if she did not file a separate return, or join him in a return setting forth her income separately. Regulation 45, article 401.

On September 18, 1920, Treasury Decision 3071, embodying an opinion by the United States Attorney General, authorized the husband and wife, who resided in Texas, to divide equally between them the income from their personal services and from community property. On March 15, 1921, Thomas and his wife took advantage of this right and filed amended returns for the year 1919. On May 11, 1925, an additional assessment was made against Mrs. Thomas. This additional assessment was paid.

[1] It is now sought to recover this additional payment on the ground that the statute of limitation had run before the May 11th assessment was made. If the return made by Thomas on March 9, 1920, was the return of the wife, then and in that event the assessment of May 11, 1925, was barred by the statute, and, the preliminary proceeding provided by the statute having been taken, the plaintiffs would be entitled to recover. Bashara v. Hopkins (D. C.) 290 F. 592.

[2, 3] The information sought and secured by the Commissioner on blanks furnished to the taxpayer was sufficient to put him on notice that the return of Thomas was for himself and his wife. After the promulgation of the regulation by the Treasury officials in accordance with the opinion of the Attorney General on community income in Texas, and other states, for that matter, the internal revenue officials treated new returns by husband and wife in Texas as amended returns; an amendment that related back to the original. If such returns were not amended returns, then the spouse who had not filed originally would be subjected to the payment of penalty and interest. It would seem to be wrong to treat the two returns in any other way. See Appeal of Weaver, 4 B. T. A. 15, which was a case determined by the United States Board of Tax Appeals, on a substantially similar situation, out of the state of Louisiana; also Mrs. D. S. Smith's case, 4 B. T. A. 385, and Appeal of Mrs. Fred W. Gooding, 4 B. T. A. 388, by the same board.

Again, an amended return is an optional return, and it is thought that an optional return is not such a return as will furnish the beginning day for the running of the limitation statute.

It follows that the plaintiffs should recover.