## HAYES v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3422.

Circuit Court of Appeals, Tenth Circuit.

May 15, 1947.

Earl Bohannon, of Parsons, Kan., for petitioner.

Harry Marselli, Sp. Asst. to the Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., Lee A. Jackson and Newton K. Fox, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Tax Court of the United States.

The facts were stipulated. Sadie Corbett Hayes[1] is the widow of Alfred Leslie Hayes,[2] who died intestate on February 12, 1943. There has been no administration of Hayes' estate.

On March 6, 1943, petitioner filed, with the Collector for the District of Kansas, a joint return for 1942, including therein the separate incomes and deductions of each spouse. Petitioner signed her own name to the return, and also signed her

---

[1] Hereinafter referred to as petitioner.
[2] Hereinafter referred to as Hayes.

husband's name, after which she wrote "(deceased), by Sadie Corbett Hayes (wife)." She paid $81.72, one-fourth of the tax due.

On June 23, 1943, petitioner received a letter from the Collector in which he advised her that the income tax return for a decedent must be signed by his personal representative, if one has been appointed.[3] A form, to be executed by such representative, was enclosed with the letter.

On August 11, 1943, petitioner filed another income tax return in which she reported only her separate income for the year 1942. The tax due was shown as $47.25, and this amount, plus interest and penalty, totaled $60.24. Petitioner claimed an overpayment of $21.48, on account of the $81.72 theretofore paid by her.

On October 23, 1943, petitioner received a letter from the Collector's office, in which it was stated that the joint return, disclosing a tax liability of $326.90, was a "legal return" and had been accepted as such, and that therefore, the claim for overpayment was denied.

On February 16, 1944, petitioner filed an income tax return for 1943, and in applying the provisions of the Current Tax Payment Act of 1943, 57 Stat. 126, 26 U.S.C. A.Int.Rev.Acts, p. 385, she used $47.25, the amount of tax reported due on the separate return, in determining her income and victory tax liability for 1943. As the result of this computation, petitioner reported an overpayment in the amount of $71.88.

On April 4, 1945, petitioner received a notice of deficiency from the Commissioner, stating that she owed a balance of $189.-23 for 1943 income tax. This determination of the tax liability was based on the amount of tax due on the joint return filed for 1942. Petitioner then filed a petition with the Tax Court for a redetermination of the deficiency, contending that the liability for 1943 should be based on the amount of tax due on the separate return filed for 1942. The Tax Court held that, "So far as petitioner is concerned, the first return was a valid, binding and irrevocable election to file a joint return for her and

her deceased husband for the calendar year 1942," and concluded that the amount of tax due on the joint return should be used in determining the amount of petitioner's tax liability for 1943.

Section 51(b) of the Internal Revenue Act of 1938, 52 Stat. 476, 26 U.S.C.A.Int. Rev.Code, § 51(b), provides in part as follows: "Husband and wife.—In the case of a husband and wife living together the income of each * * * may be included in a single return made by them jointly, in which case the tax shall be computed on the aggregate income, and the liability with respect to the tax shall be joint and several. * * *"

Treasury Regulations 111,[4] promulgated under the Internal Revenue Code, provide in part as follows:

"§ 19.51-1. * * * (b) Joint returns. —A husband and wife, if living together at the close of the taxable year, may elect to make a joint return * * *.

"A joint return of a husband and wife * * * shall be signed by both spouses. An oath is not necessary, but both spouses shall verify the return as provided in section 51. If signed by one spouse as agent for the other, authorization for such action must accompany the return. * * *"

The question here presented is not whether Hayes, if living, or his personal representative, would be bound by the joint return, but rather whether petitioner, who signed the return individually, signed her husband's name without his authority, and filed the return, is bound by it. We are of the opinion that she is.

It is clear that petitioner had no authority to sign the return on behalf of Hayes; had he ever delegated such authority to her, it would have been revoked by his death. But the conclusion that Hayes' estate was not bound by the return does not necessarily require a holding that petitioner was not bound by it.

An analogous situation is presented when a joint contract is signed by one obligor, and either not signed by the other, or the name of the other is signed thereto without authority. The question then arises as to whether the contract is binding upon the

---

3 See Revenue Act 1938, § 142, 52 Stat. 510, 26 U.S.C.A. Int.Rev.Code, § 142.

4 26 CFR Cum.Supp. 29.51-1(b).

obligor who signs and delivers the contract. The courts have held that it is.

In Muehlebach v. Missouri & K. I. R. Co., 166 Mo.App. 305, 148 S.W. 453, 456, the court in part said: "The rule applicable to such cases is that a party who signs and delivers an instrument is bound by the obligations he therein assumes, although it is not signed by all the parties named in it, unless it appears that the parties signing mutually intended that it should be inchoate and incomplete and not take effect as a contract until signed by all the parties named."[5]

When the petitioner signed and filed the joint return, with the intention that it take effect as a joint return, she became jointly and severally liable, under § 51(b), supra, for the tax due thereon. She cannot now be heard to deny that the return was binding upon her on the ground that her husband's estate was not bound thereby.

Since the joint return was binding upon petitioner, it was properly used by the Commissioner as the basis for determining her income tax liability for 1943.

The decision of the Tax Court is affirmed.

[5] See, also, Richards v. Whitaker, 134 Pa. 191, 19 A. 501. 19 Am.St.Rep. 684. 7 L.R.A. 749; Wilkes v. Holmes, 128 Minn. 349, 150 N.W. 1098, 1100; Naylor v. Stene, 96 Minn. 57, 104 N.W. 685, 686; Breiling v. Hybl, 167 Ill.App. 165, 167.