## WHITE v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### No. 12338.

United States Court of Appeals
Fifth Circuit.

Feb. 24, 1949.

Leroy G. Denman, Jr., and Leroy G. Denman, both of San Antonio, Tex., for petitioners.

Helen Goodner, Ellis N. Slack, Lee A. Jackson, and L. W. Post, Sp. Assts. to Atty. Gen., Theron L. Caudle, Asst. Atty. Gen., and Chas. Oliphant, Chief Counsel, and J. W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

Were the profits in this case ordinary income or capital gains? This is the question that was before the Tax Court, which sustained the Commissioner's determination that the profits realized were derived in the ordinary course of business, and were not capital gains under Section 117 of the Internal Revenue Code, 26 U.S.C.A. § 117.

The taxpayers are husband and wife, residents of San Antonio, Texas, and filed separate tax returns on their community

income. Since the husband managed all the business from which the income was derived, he will be referred to as the taxpayer. The latter is a successful business man, aged 69, who had taught school, owned a dairy, and attempted to practice law, before going into the paving business on an extensive scale. As a by-product of his paving operations, he acquired much real estate in San Antonio by the foreclosure of paving liens.

■ Being a large operator with various branch businesses, he established, prior to 1942, the R. L. White Company, which was not incorporated and was solely owned by him (except as to his wife's community interest) until 1943, when a three-twelfth's interest therein was given to his children. During all of 1943 and 1944, the taxpayer owned nine-twelfths of this company, a partnership, and his three children owned the remaining three-twelfths. In the income-tax returns of said company for 1943 and 1944, both of which were signed by R. L. White, the business of the company was stated to be "real estate, ranching, and investments." This was an admission against interest by the taxpayer, who managed the partnership and was an experienced business man. In appraising this evidence, the Tax Court stated in its opinion that surely this astute business man, with a legal education, "knew in what business his firm was engaged."

We are not convinced that the Tax Court erred in holding that the property in question was held by petitioners primarily for sale to customers in the ordinary course of their trade or business, and that profits therefrom constituted ordinary income, not capital gains. We are impressed with the reasoning by the Tax Court on the facts underlying the findings in this case and in Farley v. Commissioner, 7 T. C. 198. Although different results were reached in the two cases, the decision in each was controlled by the same principles of law, and the difference in the results was caused by factual distinctions; in both the question was whether or not the lots were held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. Sec. 117 (a) (1), I.R.C., 26 U.S.C.A. § 117(a) (1).

■ In 1942, in the instant case, the taxpayer made cash sales of over 250 lots, which were covered by 47 different transactions; in 1943, 87 lots covered by six different transactions; and in 1944, three lots covered by three different transactions. In addition to cash sales in these years, there were a number of installment sales from which the total profits collected, including those made in previous years and in 1944, were $27,423.86. The number and continuity of sales tend to support the findings below; but these things in themselves are not always decisive; other facts must be taken into consideration as in Farley v. Commissioner, supra, where a different result was reached and where in the Tax Court said, 7 T.C. at page 202: "Not only are there absent here the elements of development and sales activities which distinguish this case from those cited above, but there are other circumstances which, in our opinion, explain the frequency and continuity of sales here involved in terms other than those connotating business activity." There the sales in question appear to have been essentially in the nature of a gradual and passive liquidation, but the court points out that the so-called liquidation test has been rejected in cases where the manner of conducting the alleged liquidation was such as to constitute a trade or business.

■ The gist of the court's holding in the Farley case, in which we concur, was that where the liquidation of an asset is accompanied by extensive development and sales activity, the mere fact of liquidation does not preclude the existence of a trade or business; but, where the elements of development and sales activity are absent, the fact of liquidation may not be disregarded. In that case the profit realized from the sale of lots was due to appreciation in value of the property that had gradually accrued during the years of the taxpayer's ownership. The same conditions, which increased its value for residential purposes, diminished its value as an asset in the taxpayer's nursery business. When satisfactory offers were made, the

owner sold with a minimum of business activity. The holding was that the profits were taxable as capital gains.

On the contrary, in the instant case, the Tax Court found as an ultimate fact that the property in question was held primarily for sale to customers in the ordinary course of business. That finding is fully sustained by the evidence, and we think it is correct. The number of lots sold, the profits realized, the manner of conducting the business, the fact that a real estate dealer's license was paid, the admissions in the income-tax returns, and other facts and circumstances in evidence, leave no basis for disturbing the decision of the Tax Court. Cf. Richards v. Commissioner, 9 Cir., 81 F.2d 369, 370, 106 A.L.R. 249; Snell v. Commissioner, 5 Cir., 97 F.2d 891; Commissioner v. Boeing, 9 Cir., 106 F.2d 305, 309; Greene v. Commissioner, 5 Cir., 141 F.2d 645, certiorari denied, 323 U.S. 717, 65 S.Ct. 45, 89 L.Ed. 577.

Affirmed.