OPINION. Black, Judge: The question in this proceeding is whether the gain from the sales of unimproved real estate by the petitioner, a corporation, is taxable as ordinary income or as capital gain. The respondent has determined that such real estate was held by petitioner during 1945 and 1946 for sale to customers in its ordinary course of trade or business within the meaning of sections 117 (a) (1) and 117 (j) (1) of the Internal Revenue Code and that, consequently, the gain from the sales is taxable as ordinary income. The petitioner contends that the unimproved real estate was not held primarily for sale to customers in the ordinary course of business and that the gains, therefore, are taxable as capital gains. The issue which we have in the instant case has arisen in one form or another in many cases. Inasmuch as each case is to be decided upon its own facts no useful purpose would be served by discussing the various fact situations presented by the cases. See particularly Boomhower v. United States (1947), 74 F. Supp. 997. See also Dunlap v. Oldham Lumber Co. (C. A. 5), 178 F. 2d 781; White v. Commissioner (C. A. 5), 172 F. 2d 629; Thomas E. Wood, 16 T. C. 213; W. T. Thrift, Sr., 15 T. C. 366; Nelson A. Farry, 13 T. C. 8; and Frieda E. J. Farley, 7 T. C. 198. One fact upon which respondent comments in his brief, is presented by the general purpose clause of petitioner’s charter of incorporation which empowers petitioner to subdivide real estate. Respondent contends that due to this clause the sales of real estate made by petitioner become, or should be considered as, sales to its customers in the ordinary course of trade or business. We do not believe that mere possession of a power to subdivide real estate is controlling in determining whether petitioner was actually engaged in the trade or business of selling real estate to its customers. The issue here must be decided by considering the actions of the petitioner, and whether the acts of selling unimproved real estate support a finding that petitioner intended to hold the property in question for sale to its customers in the ordinary course of its trade or business. We think that the facts show that it did not so intend. Petitioner maintained no price list, employed no salesman to conduct its sales, and had no established office procedure but instead each purchaser’s offer was considered by petitioner’s board of directors. Only a few sales of unimproved real estate were made by petitioner during the taxable years. Such facts strongly indicate that the real estate was not held by petitioner for sale to its customers in the ordinary course of its trade or business. We have weighed all the facts-relative to the holding of unimproved real estate by petitioner, and the sales thereof, and we are convinced that the petitioner did not hold the property in question for sale to customers in the ordinary course of its trade or business. The basis for our conclusion is fully stated in our findings of fact. In its tax returns for the years 1945 and 1946, petitioner deducted its selling expense as an ordinary and necessary business expense, section 23 (a) (1) (A) of the Code. Since we have determined that petitioner was not engaged in the business of selling real estate, the selling expenses may be deducted only from the selling price of the real estate in the computation of petitioner’s capital gain, section 111 of the Code. Accordingly, petitioner’s tax liability must be recomputed for the years 1945 and 1946. Decision will be entered, wnder Bule 50.