**RYAN et ux. v. UNITED STATES.**

**Civ. 4717.**

United States District Court
N. D. Texas, Dallas Division.

Oct. 8, 1952.

Weeks, Bird, Cannon & Appleman, Fort Worth, Tex., for the plaintiffs.

Frank Potter, U. S. Atty., Fort Worth, Tex., Harold H. Bacon, Special Asst. to the Atty. Gen., for the defendant.

ATWELL, Chief Judge.

Plaintiffs seek recovery of $50,382.04 paid on income taxes for the years 1945, 1946 and 1947. The basis for their prayer to recover is that such profits as were made upon houses and real estate sold by them were, in fact, capital gains rather than profits realized and derived in the ordinary course of business. Sec. 117 of the Internal Revenue Code, 26 U.S.C.A. § 117, points the distinction.

The facts show that during the said years in question the plaintiffs were highly active in the erection and sale of houses. During the years in question they built 107 and bought 155, making a total of 262 houses. By 1947 they had disposed of 85% of these houses, and in 1948 disposed of the other 15% to a life insurance company for stock.

The plaintiff was a licensed realty dealer and became such licensee in 1920 when the law went into effect.

The cases of White v. Commissioner, 172 F.2d 629, by the Fifth Circuit, and Rollingwood Corp. v. Commissioner, 9 Cir., 190 F.2d 263, are almost identical and seem to show the proper construction of Sec. 117 (j). The last case above cited is by the Ninth Circuit.

One of the rather marked distinctions is in favor of the government in the case at bar, to-wit: many of the sales were sought by one of the plaintiff's agents, and the facts show that such multiplicity of trans-

actions was his major business, though, he was also engaged, in all probability, in the loan and loan brokerage business, and, generally, in the real estate business as evidenced by his sometimes rather reluctant testimony.

Judgment must go for the United States.