McCORD v. GRANGER, Collector of Internal Revenue for 23rd District of Pennsylvania.

No. 10731.

United States Court of Appeals Third Circuit.

Argued Oct. 9, 1952.

Decided Dec. 19, 1952.

Enoch C. Filer, Erie, Pa. (Walter A. Dart, Jr., Erie, Pa., on the brief), for appellant.

Joseph F. Goetten, Washington, D. C. (Ellis N. Slack, Acting Asst. Atty. Gen., Robert N. Anderson, Washington, D.C., Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

This is an appeal from the order of the United States District Court for the Western District of Pennsylvania in an action brought by Ralph B. McCord ("McCord") for a partial refund of income tax paid by him for the year 1946. The facts may be summarized as follows:

On March 14, 1947, McCord filed an income tax return for 1946 with the Collector of Internal Revenue at Pittsburgh, Pennsylvania, on Form 1040. The return was prepared for McCord by Root and Co., according to a statement made thereon. On the line provided for the listing of taxpayer's name there appeared only McCord's name. On this score it must be noted that the form provided "If this return is for a husband and wife use both first names". In the portion of the return captioned "Your Exemptions" the form stated "List your own name. If married and your wife (or husband) had no income, or if this is a joint return of husband and wife, list name of your wife (or husband)." In response to that provision McCord listed on one line his own name; on the line below "Elizabeth McCord, wife" and on the line below that "Eva Lyons, mother-in-law".

In another part of the return McCord claimed the then existing exemption of $500 each for himself, his wife and mother-in-law. In response to the printed question "Is your wife (or husband) making a separate return for 1946" the answer was "No". Immediately below, on the line provided for "Signature of taxpayer" McCord signed his name only. Again, on this score, it must be noted that immediately below the place provided for signature of taxpayer appears the printed statement: "If this is a joint return of husband and wife, it must be signed by both."

In a schedule attached to the return, under the heading "Schedule C—Profit or Loss from Business", there was included inter alia, the following items:

"Sale of Real Estate
Sale of 21 lots ....... $12,300.00
Cost of lots .......... 3,932.65

$ 8,367.35"

The dates of purchase and sale of the lots were not listed. McCord treated the gain from the sale of the lots as ordinary income.

On April 3, 1947, McCord filed an amended return and a claim for refund of overpayment of tax in the amount of $1,907.93, in which he asserted that only one-half of the proceeds from the sale of the lots was income taxable to him and the other one-half was income taxable to his wife, since the lots were owned by them as "tenants by the entireties." In this amended return McCord again did not list the dates of purchase and sale of the lots and treated the gain in their sale as ordinary income and not as a capital gain.

On the same day and at the same time that McCord filed his amended return his wife filed with the Collector of Internal Revenue in Pittsburgh an income tax return for 1946. In that return she reported as ordinary income 50% of the gain from the sale of the 21 lots. The Collector and subsequently the Commissioner, accepted her return.

On May 21, 1947, McCord and his wife separately filed further amended returns and claims for refund in which they asserted that capital gain rather than ordinary income was realized from the sale of the lots. In this amended return McCord for the first time listed the sale of the lots as a long-term capital gain on Schedule D (Schedule of Gains and Losses). Again he did not list the dates of purchase and sale of the lots.

The wife's claim for refund was allowed but no decision was made by the Commissioner on the refund claims made by McCord in his amended returns of April 3, 1947 and May 21, 1947. As a result, McCord brought suit for refund. The District Court sustained the Collector's position that the original return which McCord filed on March 14, 1947 and which included his entire income and that of his wife, was a joint return for both and held that having elected to file his return on one basis, McCord could not change to another after the last day for filing returns. In view of this conclusion the District Court stated that it was unnecessary to decide whether the gain from the sale of the 21 lots in question was taxable as a long-term capital gain or as ordinary income.

In our opinion the District Court clearly erred in failing to rule upon the question as to whether the profits realized in the sale of the lots constituted ordinary income or a long-term capital gain. It is unnecessary to labor this point because the Collector both in his brief and at the oral argument conceded the error of the District Court on this score. McCord urges that this Court determine the issue as to whether ordinary income or a long-term gain was realized on the record as made in the Court below. With respect to that request it is well-settled that the question presented[1] is ultimately one of fact to be determined by the trial court and that the appellate function is limited to examination of the record to ascertain whether there is sufficient evi-

1. Were the 21 lots sold by the taxpayer to eight different people during a period of seven or eight months of the taxable year 1946 held by him primarily for sale to customers in the ordinary course of his trade or business within the meaning of Section 117(a) of the Internal Revenue Code, 26 U.S.C.A. § 117(a).

dence to sustain whatever may be the finding of the Court below. Richards v. Commissioner, 9 ·Cir., 1936, 81 F.2d 369, 106 A. L.R. 249; Greene v. Commissioner, 5 Cir., 1944, 141 F.2d 645 certiorari denied 323 U.S. 717, 65 S.Ct. 45, 89 L.Ed. 577; White v. ·Commissioner, 5 ·Cir., 1949, 172 F.2d 629.

That brings us to the main question presented—whether McCord's original return was a joint return for himself and his wife or his own separate return.

The basis of the District Court's ruling that McCord's original return was a joint return was the fact. that the income which he reported therein included his wife's income (her share of the profits in the sale of the lots) and his own.[2]

In our opinion the mere circumstance that McCord included both his own income and that of his wife in his original return did not establish per se that it was filed as a joint return.

The District ·Court should have been guided in its conclusions by the following incontrovertible facts:

Although at ·the top of the first page of the return there was a clear direction to list the names of husband and wife if a joint return was intended, McCord listed only his own name; immediately below in the section bracketed by the words "Your Exemptions", despite the printed instructions to list the names of husband and wife if the return was joint, McCord listed only his own name; and although the printed instructions at the bottom of page one of the tax return stated that if the return was joint "it must be signed by both" (husband and wife), McCord alone signed the return. Additionally, evidence was undisputed that Mrs. McCord did not take part in the preparation of the original tax return; she did not see the return before it was filed by her

husband; she did not learn that he had filed it until he came home and told her about it and when she was advised that McCord had included her share of the profits in the sale of the lots in his tax return she filed her own ·separate return and reported therein as her own income her share of the gain in the realty transactions.

Another significant fact deserving of consideration was ignored by the District Court in its determination. McCord's original return on its face discloses that it was prepared for him by Root & Company. The inference is certainly permissible that Root & Company were accountants [3] with some knowledge of tax laws and had they been advised or thought that the return was intended to be joint would have required McCord to have his wife sign it in compliance with the provisions of the return itself as well as the applicable Treasury Regulations.

On this appeal the Collector ignores the· facts above stated and relies on the single circumstance that McCord's original return included both his and his wife's income and was therefore a joint return. With respect to the absence of Mrs. McCord's signature on the original return as required by the return itself in accordance with Treasury Regulations 111, Sec. 29.51–1, the Collector takes the position that the Treasury Regulations were merely intended to safeguard the ·Commissioner against the claims of nonsigning spouses and may be waived by him. We do not subscribe to this contention. It is well-settled that Treasury Regulations under the Internal Revenue Act are as binding on the Government as they are on the taxpayer. Warner Bros. Pictures, Inc. v. Westover, D.C.S.D.Cal. 1947, 70 F.Supp. 111; Pacific Nat. Bank of Seattle v. Commissioner of Internal Rev-

2. "The taxpayer reported in his original return the entire gain from the sale of these lots, which obviously included the entire income subsequently reported by the wife in her individual return, and thus comprised the entire income of both himself and his wife and was therefore a joint return." 1952, 102 F.Supp. 1, 4.

3. The record in the case is bare of any reference to the nature of the business

of Root & Company. The only statement in the Notes of Testimony with reference to Root & Company was as follows: (page 21)

"Well, I had a company make this return out in 1946 and they finished it and I paid it. The company said I had to pay this amount."

enue, 9 Cir., 1937, 91 F.2d 103. In the latter case it was held, 91 F.2d at page 105:

> "The suggestion that Treasury Regulations having the force and effect of law are binding on taxpayers, but not on the Commissioner or on the Board of Tax Appeals, cannot be entertained. *Tax officials and taxpayers alike are under the law, not above it."* (Emphasis supplied.)

See also Eva M. Manton v. Commissioner, 1948, 11 T.C. 831 (1948).

The Collector has cited a number of cases in support of his contention that a return may be joint even though signed by only one spouse. Several, listed in the margin,[4] are inapposite since they related to situations which arose prior to the promulgation for the first time on January 2, 1935, of the Treasury Regulation[5] requiring signatures of both spouses to a joint tax return. Rogers v. Commissioner, 6 Cir., 1940, 111 F.2d 987 and Hayes v. Commissioner, 10 Cir., 1947, 161 F.2d 689, strongly relied on by the Collector, are clearly distinguishable on their facts. In the Rogers case both spouses signed the tax return. In the Hayes case the taxpayer signed her own name to the return and also signed her husband's name after which she wrote "(deceased), by Sadie Corbett Hayes (wife)".

In support of his contention that his original return was not a joint return because it was not signed by his wife, McCord has cited Horsting v. Commissioner, decided May 27, 1946 (1946 P-H T.C. Memorandum Decisions, par. 46,123) and Manton v. Commissioner, supra.

In the Horsting case the husband made the returns (two years were involved) listing only his own name as the taxpayer. He alone signed the returns. The latter provided, as in the instant case, that the names of both husband and wife should be listed, if the return was joint and that both must sign. Horsting included in his returns as his income what he regarded as all the income which had been derived from his wife's separate property and from the community property owned by him and his wife, based upon the erroneous advice he had received from his attorney and two employees of the Collector's office to the effect that the community property laws of Texas did not apply to residents of Illinois in his situation. The Tax Court held that the returns were separate and not joint.

In the Manton case both the husband and wife were listed on the returns as the taxpayers and in response to the printed question "Is this a joint return of husband and wife" the answer was "Yes". The husband alone signed the returns. It was further established, as in the instant case, that the wife took no part in the preparation of the returns, and did not authorize their filing or their contents. The Tax Court held that under the circumstances the returns filed by the husband were not joint returns. It must be noted, however, that in the Manton case the wife had no income of her own during the taxable years involved.

In our opinion the Horsting and Manton cases are highly persuasive although not factually identical with the instant case. It is proper to note here that they were not called to the attention of the District Court.

In view of these decisions and the further fact that the Collector accepted the return of Mrs. McCord and her payment of tax on her share of the profits in the sale of the real estate it is indeed difficult to understand the Collector's insistence that McCord is not entitled to the refund which he seeks. Under the facts the Collector finds himself in the anomalous position of asserting a right to double taxation on income. He ignores the fact that after accepting McCord's return and his tax payment thereon he also accepted the wife's separate return and her tax payment thereon. Every dollar of gain reported by Mrs. McCord had already been reported in McCord's re-

4. Thomas v. United States, D.C.N.D.Tex. 1927, 22 F.2d 1000; Morris v. Commissioner, 2 Cir., 1930, 40 F.2d 504; Anderson v. United States, 5 Cir., 1931, 48 F. 2d 201; Moore v. United States, 1941, 37 F.Supp. 136, 93 Ct.Cl. 208. In the latter case, although it was decided in 1941 it involved the Revenue Act of 1932. 26 U.S.C.A. Int.Rev.Acts, page 500.

5. T.D. 4512, CB XIV-1, p. 79.

turn, and the Collector knew it because when she filed her return McCord simultaneously filed his amended return asserting that he had over-stated his income in his original return, and thereby gave notice to the Collector that his wife had taxable income on her share of the profits in the realty transactions.

Under the circumstances stated the Collector is hard put to deny McCord's assertion that there was acquiescence by the Collector to his contention that he filed a separate and not a joint return.

We cannot refrain from the comment that the zeal exhibited by the government in its attempt to twice tax the same income merited a worthier cause.

For the reasons stated we are of the opinion that the District Court erred in its finding that McCord's original return was a joint return and in failing to rule upon the question as to whether McCord's half interest in the profit resulting from the sale of the lots involved constituted ordinary income or capital gain.

Accordingly, the Order of the District Court will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.