VIRGINIA M. WILKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30346. Promulgated January 27, 1953.

*Harry G. Taylor, Esq.,* and *William J. McLeod, Jr., Esq.,* for the petitioner.
*James R. Harper, Jr., Esq.,* for the respondent.

OPINION.

TIETJENS, *Judge:* Respondent bases his argument that the 1947 return was a joint return on the following contentions: first, it was intended to be a joint return, despite absence of petitioner's signature; and, second, the return reported income and deductions attributable to petitioner and accordingly should be deemed a joint return.

In cases of this kind the respondent's determination is presumptively correct and the mere fact petitioner did not sign the return is not alone determinative, *W. L. Kann*, 18 T. C. 1032. In the *Kann* case the wife did not testify or produce any evidence tending to overcome the presumptive correctness of respondent's determination and the Court held that she had not sustained her burden of proof that the returns were not joint. Such is not the situation here. Petitioner testified she had nothing to do with the preparation of the 1947 return and had never seen it until shortly before the hearing. We have found as a fact that she had no income during 1947 despite respondent's contention that she received a "salary" from her husband, the doctor. We think the so-called "salary" agreement was not a real agreement. No deduction was claimed with respect to the "salary" on the return and the only income reported thereon was the professional income of the doctor. This case therefore, comes closer to *Eva M. Manton*, 11 T. C. 831, than to *Myrna S. Howell*, 10 T. C. 859, affd. 175 F. 2d 240, and *Walter M. Ferguson, Jr.*, 14 T. C. 846. See also the recent decision of *McCord v. Granger* (C. A. 3), 201 F. 2d 103, where the Court of Appeals for the Third Circuit held that a return not signed by the wife was not a joint return although it included income from the sale of jointly held property. There are factual differences between this and the *McCord* case, which might serve to distinguish them; for instance, the wife there later filed a separate return and the husband an amended return. But the case before us is stronger for petitioner and we hold the 1947 return was not a joint return.

With respect to the 1948 return the facts are different. That return bears the admitted signature of petitioner. Thus her burden of overcoming the presumptive correctness of respondent's determination is substantially increased. She attempts to meet this burden by her testimony that she signed some document, which she took to be a request for additional time for filing, at Easter time 1949, when she was under great mental strain incident to getting the doctor placed in an institution for narcotic addiction. We are unable to determine whether or not she actually signed the return at that time or whether the document she then signed was in fact a request for an extension. The fact is that she signed a return for 1948 which appears regular in all respects and which in form is a joint return. The record does not convince us that her signature was affixed unconsciously and without intent to sign an income tax return and we have found as a fact that the 1948 return was a joint return. We are accordingly not called on to decide what might have been the case had we found she never really intended to sign a joint income tax return.

*Decision will be entered under Rule 50.*