SIMONSEN INDUSTRIES, Inc., Edward H. Simonsen and Ethel G. Simonsen, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 11904.

United States Court of Appeals Seventh Circuit.

April 22, 1957.

Philip D. Caloger, Harold V. Snyder, Chicago, Ill., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Walter Akerman, Jr., Lee A. Jackson, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before DUFFY, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

In 1946 the taxpayers, with others, entered into an agreement whereby they became joint participants in the Simonsen Wire Syndicate, for the purpose of

acquiring, financing and marketing certain surplus war stocks of wire from the War Assets Corporation. Believing that this merchandise could be bought and sold at a profit, between May and November, 1946, the syndicate purchased property from the Government with the object of reselling it, in 57 separate transactions, including 37 different kinds and sizes of wire, totaling some 1,500,000 pounds, at a total cost of $216,279.85. In that year, the syndicate made 112 sales aggregating over $34,000; in 1947, 171 sales approximating $23,000; in 1948, 164 sales of $30,203, and, in 1949, 111 sales totaling $19,496.25. For each of these years it reported a loss in ordinary income resulting from its business transactions.

In 1950 the sales amounted to $131,-538, and in 1951 to $95,418.23. Whereas, in the previous years, the syndicate had reported losses in ordinary income, in 1950 and 1951 it reported profits aggregating, in 1950, $86,885.86, and in 1951, $69,463.34 as property gains. The Commissioner levied deficiencies for the two latter years, basing his determination upon the premise that the gains from sales in 1950 and 1951 did not arise from capital assets gains, but were realized as ordinary income from the sale of merchandise held for sale to customers. In 26 T.C. 515, the Tax Court sustained the Commissioner's deficiencies, holding that the goods were properly includable in the syndicate's inventory, and were held primarily for sale to customers in the ordinary course of business, and not capital assets. The report of the Tax Court's findings and conclusions includes a detailed discussion of the evidence, thus eliminating any necessity of prolonged statement of facts upon our part.

The taxpayers' position has been, thus far, that the sale of merchandise in 1950 and 1951 resulted in a capital asset gain. Such was the basis for their objection to the deficiencies and is now their contention on review. In taking that position, of course, they have the burden of proving the affirmative. Boehm v. Commissioner, 326 U.S. 287, at page 294, 66 S.Ct. 120, at page 124, 90 L.Ed. 78. As we said in Beck v. Commissioner, 179 F.2d 688, at page 689: "To determine whether a taxpayer is engaged in trade or business is a question of fact. Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; and Harriss v. Commissioner, 2 Cir., 143 F.2d 279, 281. And in cases such as this, the burden of proving that fact is upon the taxpayers. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348, and Deputy v. Du Pont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416." We added that with the determination of an ultimate fact by the Tax Court, we cannot interfere unless we are convinced that the finding is clearly erroneous, or unless the court erred as a matter of law, a ruling to which we adhered in Lacy v. United States, 207 F.2d 352, at page 353. In Boehm v. Commissioner, 326 U.S. 287, at page 294, 66 S.Ct. 120, at page 124, 90 L.Ed. 78, the Supreme Court used this language: "We are unable to say that the Tax Court's inferences and conclusions on this factual matter are so unreasonable from an evidentiary standpoint as to require a reversal of its judgment." The facts there were stipulated, yet the court said 326 U.S. at page 293, 66 S.Ct. at page 124: "The Tax Court is entitled to draw whatever inferences and conclusions it deems reasonable from such facts. And an appellate court is limited, under familiar doctrines, to a consideration of whether the decision of the Tax Court is 'in accordance with law.'"

We have examined the evidence, and conclude that we would be wholly unjustified in declaring the findings of the court clearly erroneous. We need refer only briefly to some of the more salient features. The only business of the syndicate consisted of buying merchandise and selling it in the course of its business to its customers. There were many purchases and many sales over a period of years. At the end of some 6 years, it still had a substantial portion of the material on hand. In the first four years of its operations, it lost.

money; in the 2 in controversy, it had substantial profits. Though the circumstance that for the 4 years when losses were incurred, the syndicate employed the formula of an operator dealing in merchandise and accounted for the results of resales as losses in ordinary business income did not create an estoppel against petitioners, those incidents reflect in the evidence a course of conduct tending to support the theory of the Commissioner and the opinion of the Tax Court.

Sec. 117(a) of the Internal Revenue Act, 1939, 26 U.S.C. 1952 Ed., § 117, specifically provides that the term "capital assets" does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the year, and does not embrace property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. Here it is perfectly obvious, we think, that the material constituted the substantial stock in trade of the syndicate, the amount of which on hand at the close of each taxable year would have been properly includable in its inventory. Any conclusion to the contrary, we think, is precluded under the facts presented to the Tax Court. Inasmuch as the merchandise was bought and held for sale and sold in the course of the ordinary business of the syndicate, we think the Tax Court was perfectly justified in characterizing it as the stock in trade of the syndicate.

We approve also the further finding that the wire was property held by the syndicate primarily for sale to its customers in the ordinary course of its business. It bought the merchandise, held the same for sale and did sell most of it over the years to customers in some 973 separate transactions. The goods were admittedly acquired and held solely for the purpose of sale to customers in the ordinary course of the syndicate's business. The income from the sales was the ordinary income of a merchant dealing in merchandise. Following the

admonition of the Supreme Court in Corn Products Refining Co. v. Commissioner, 350 U.S. 46, 76 S.Ct. 20, 100 L. Ed. 29, that we must apply the definition of a capital asset narrowly, we think the circumstances presented in this case warrant no conclusion other than those at which the Tax Court arrived.

The decision is affirmed.