**John W. KELLEY and Bette C. Kelley, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 16585.**

United States Court of Appeals Ninth Circuit.

Aug. 3, 1960.

John W. Bonner, Las Vegas, Nev., for petitioners.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Carter Bledsoe, Attys. Dept. of Justice, Washington, D. C., for respondent.

Before STEPHENS, MERRILL and KOELSCH, Circuit Judges.

STEPHENS, Circuit Judge.

Once again we are asked to determine whether, under certain given circumstances, sales of real estate by a taxpayer have resulted in the realization of ordinary income or of capital gains. See e. g., Pool v. Commissioner, 9 Cir., 1957, 251 F.2d 233, certiorari denied 1958, 356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813; Achong v. Commissioner, 9 Cir., 1957, 246 F.2d 445; Palos Verdes Corp. v. United States, 9 Cir., 1952, 201 F.2d 256. This time the facts of the matter are as follows:

▮ Taxpayers, man and wife, moved from Texas to the suburbs of Las Vegas, Nevada, in 1947. They purchased 160 acres of land in Paradise Valley, six miles from Las Vegas, with the intention of using the realty for ranching purposes. They built a home on the land. Money troubles befell the taxpayers late in 1948, at which time they sought sources of income apart from their ranching activities. They operated an ice skating concession without success until April, 1949. To meet their financial obligations they sold during 1949 close to 90 acres of their land in Paradise Valley. These sales were accorded capital gains treatment both by taxpayers and the Commissioner. From 1949 through the beginning of 1951, taxpayers held several jobs, none of which was connected in any way to their land holdings. In 1951, having sold their original residence, they constructed a new home on another segment of their property. In 1952, they subdivided approximately 56 acres of their land into 96 building lots. Prior to the subdivision the cost basis of this acreage was $4200.00. Taxpayers expended $53,800 to improve the subdivided property by installing roads, wells, water lines, pumps, storage tanks and power. In consequence, the pro rata adjusted basis of each of the 96 lots rose to approximately $604.00. During the years 1952, 1953, and 1954, taxpayers employed a real estate broker to advertise that the property was for sale. A total of 29 lots were sold, resulting in a net gain of approximately $40,000. No other income was realized by taxpayers during those three taxable years. Taxpayers treated their profits as capital gains; the Commissioner, on the other hand, deemed them ordinary income. The Tax Court agreed with the Commissioner.

Insofar as the taxable years of 1952 and 1953 are concerned, the pertinent provision is § 117 (a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 117(a)(1)(A). In dealing with the taxable year 1954, we must look to §§ 1221(1) and 1237 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 1221 (1), 1237. The question to be decided is whether or not the lots sold by taxpayers constituted property held by them primarily for sale to customers in the ordinary course of trade or business.

▮ The myriad of cases dealing with the present problem, at least as it was encountered under the 1939 Code, bequeath no handy rule of thumb by which we might mechanically come up with an answer. Indeed, the case law has grown to a jungle-like abundance accompanied by much of the welter and impenetrability which such fertility produces. Nonetheless, the courts have shown some togetherness. They apparently agree that the particular facts of each case must be accorded perhaps even more than their usual significance, see Alabama Mineral Land Co. v. Commissioner, 5 Cir., 1957, 250 F.2d 870, 872; Pool v. Commissioner, supra, 251 F.2d at page 237; Home Co. v. Commissioner, 10 Cir., 1954, 212 F.2d 637, 639, and that a finding that property was held by the taxpayer for sale in the course of his trade or business is a finding of fact which will not be disturbed unless shown to be clearly erroneous. Achong v. Commissioner, supra, 246 F.2d at page 447; Simonsen Industries, Inc. v. Commissioner,

7 Cir., 1957, 243 F.2d 407; Mauldin v. Commissioner, 10 Cir., 1952, 195 F.2d 714.

Although no single criterion emerges as a decisive test, we think that the subdivision of taxpayers' property together with their substantial expenditure to improve the lots put up for sale, an outlay amounting to more than twelve times the initial cost of the acreage involved, justifies the Tax Court's characterization of the profits as ordinary income. See Shearer v. Smyth, D.C.N.D.Cal.1953, 116 F.Supp. 230, affirmed per curiam, 9 Cir., 221 F.2d 478, certiorari denied 1955, 350 U.S. 840, 76 S.Ct. 78, 100 L.Ed. 749; Brown v. Commissioner, 5 Cir., 1944, 143 F.2d 468; 1 P-H Federal Tax Service para. 5531(40)(a) (1960) (collecting cases). In addition, we think it is significant that during the years when the lots were sold taxpayers indulged in no other occupation. That taxpayers disposed of their land for liquidation purposes and used the services of a real estate broker in transacting sales does not compel capital gains treatment. See Ehrman v. Commissioner, 9 Cir., 120 F.2d 607, certiorari denied 1941, 314 U.S. 668, 62 S.Ct. 129, 86 L.Ed. 534; Welch v. Solomon, 9 Cir., 1938, 99 F.2d 41; Richards v. Commissioner, 9 Cir., 1936, 81 F.2d 369, 106 A.L.R. 249. And in weighing the alleged infrequency of sales against taxpayers' substantial development of the property, the Tax Court was warranted in concluding that the lots were sold in the ordinary course of a trade or business carried on by taxpayers. See generally, Weithorn, Subdivisions of Real Estate—"Dealer" v. "Investor" Problem, 11 Tax L.Rev. 157 (1956). We cannot say that the determination below was clearly erroneous.

■ Taxpayers claim that the lots which they sold in 1954 come within the sweep of § 1237 of the 1954 Code. Section 1237 provided prior to its amendment in both 1956 and 1958, that is to say, as the section applied to the taxable year 1954, that:

"(a) General.—Any lot or parcel which is part of a tract of real property in the hands of a taxpayer (other than a corporation) shall not be deemed to be held primarily for sale to customers in the ordinary course of trade or business at the time of sale solely because of the taxpayer having subdivided such tract for purposes of sale or because of any activity incident to such subdivision or sale, if— * * *

"(2) no substantial improvement that substantially enhances the value of the lot or parcel sold is made by the taxpayer on such tract while held by the taxpayer * * *

"(b) Special rules for application of section.— * * *

"(3). Necessary improvements.— No improvement shall be deemed a substantial improvement for purposes of subsection (a) if the lot or parcel is held by the taxpayer for a period of 10 years and if— * * *."

The improvements installed by taxpayers do not fall within the definition of "necessary improvements" above, for the lots sold by taxpayers were not held by them for a period of ten years. As previously mentioned, we think taxpayers' improvements, costing more than twelve times the cost of the land upon which they were made, are substantial. The statute does not deter such a classification. Yet § 1237(a)(2) requires that substantial improvements, to deprive a taxpayer of the benefits of capital gains treatment, must substantially enhance the value, not the cost basis, of the lot or lots sold. The record is completely bereft of evidence— the facts were all stipulated—concerning the market value of the five lots sold in 1954 either before or after the improvements were installed by taxpayers. Perhaps an inference of increased value can be drawn from a comparison of the cost of the land with the expense of the improvements; but in any event since taxpayers had the burden of proving that they were entitled to come within the provisions of § 1237, see Tax Court Rule of Practice 32; 9 Mertens, Federal Income Taxation § 50.72 (1958), and since they showed nothing which would dem-

onstrate that the improvements which they put upon the land did not appreciably enhance the value of the lots sold in 1954, the decision of the Tax Court, holding § 1237 inapplicable, must be sustained.

Affirmed.