**A. T. MILLER and Estate of Eleanor A. Miller, Deceased, First Trust Company of Saint Paul, Special and General Administrator,**

**and**

**A. T. Miller and Estate of Eleanor A. Miller, Deceased, First Trust Company of Saint Paul, Administrator, Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 17456.**

United States Court of Appeals
Eighth Circuit.

June 25, 1964.

James R. Oppenheimer, of Oppenheimer, Hodgson, Brown, Wolff & Leach, St. Paul, Minn., George C. King, of Thomas, King, Daubney, Swenson & Collatz, St. Paul, Minn., for petitioner.

Edward L. Rogers, Attorney, Tax Division, Dept. of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, and Melva M. Graney, Attorneys, Tax Division, Washington, D. C., for respondent.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

RIDGE, Circuit Judge.

Review is here sought of the decision of the Tax Court (39 T.C. 940), sustaining a determination by the Commissioner of Internal Revenue as to deficiencies in petitioners' federal income tax due for the calendar years 1956, 1957 and 1958.

As to the calendar years 1956 and 1957, the Commissioner's determination was premised in a finding that the administration of the Estate of Addison Miller, deceased, was unduly prolonged beyond the end of 1955, and as a consequence of Section 1.641(b)-3, Income Tax Regulations 1954, the income received by said estate for 1956 and 1957 should be included in petitioner A. T. Miller's personal income for those years. As to the calendar year 1958, the Tax Court sustained the Commissioner's determination that petitioners were not entitled to a deduction for the loss of good will as a result of cessation of business operation by A. T. Miller in that year. No review is here sought as to a third ruling made by the Tax Court, relating to the deductibility of certain club dues as ordinary and necessary business expenses.

As the opinion of the Tax Court, supra, reveals,—the facts in the case at bar were, for the most part, stipulated by the parties. Since petitioners do not dispute the basic facts there stated, and our examination of the record as a whole leads to the conclusion that a fair statement of all pertinent facts is contained in that opinion; we here state only such background facts as will pinpoint the issues submitted to us for review.

On September 7, 1944, there was in existence a partnership known as Addison Miller Company, consisting of Addison Miller, George Faltico, and A. T. Miller, whose ownership was 55%, 20%, and 25%, respectively. Addison Miller and A. T. Miller were brothers. On the above date, Addison Miller died. His will named A. T. Miller sole heir and executor. The Florida court having jurisdiction of the Estate of Addison Miller, deceased, authorized A. T. Miller, as Executor, to carry on the business of Addison Miller Company for and on behalf of the Estate. George Faltico died in 1945, and A. T. Miller, individually, then acquired Faltico's 20% interest in Addison Miller Company. Hence, from 1946 until final distribution of the Estate of Addison Miller, deceased, in 1957, Addison Miller Company was ostensibly owned 55% by the Estate of Addison Miller and 45% by A. T. Miller.

The Federal Estate Tax liability of the Estate of Addison Miller, deceased, was with finality determined in June of 1954. The Commissioner of Internal Revenue, on April 7, 1960, administratively determined, pursuant to the Treasury Regulation 1.641(b)-3, *ante*, that the administration of that estate had been unduly prolonged beyond the end of 1955. As a consequence of such finding, the income of the Estate of Addison Miller, deceased, for 1956 and part of 1957, was charged to A. T. Miller, sole heir, and included as a part of his income for those years; which income is the basis for the deficiencies assessed against A. T. Miller for the years 1956 and 1957.

As to the calendar year 1958, the deficiency determined by the Commissioner revolves around the disallowance of a deduction claimed by A. T. Miller, in the sum of $170,740.76, from business income in that year for claimed loss of good will. Tersely stated, the facts in relation

thereto are these: In 1944, A. T. Miller, as sole heir of Addison Miller, deceased, inherited the 55% interest of Addison Miller in the Addison Miller Company. The business of Addison Miller Company was that of performing certain services for railroads, under cost-plus contracts, such as furnishing railroad boarding camps with meals and lodging; operating retail concessions; icing railroad cars; cleaning railroad cars; operating coal docks; and similar operations. The principal source of all income earned by Addison Miller Company came from such cost-plus contracts, which were terminable by either party thereto, on short notice—from thirty days to six months. In 1958, all contracts then remaining in force were cancelled by the railroads; and Addison Miller Company went out of business. A. T. Miller deducted the sum of $170,740.76 from business income for the year 1958, because of claimed value for "loss of good will."

Such claimed loss is dually premised by petitioners as follows: "It is petitioners' contention that" the good will here to be considered "came into being either one or both of two ways": * * *

"(1) When the Estate of Addison Miller succeeded to Addison Miller's 55% interest in the partnership, the cost basis of said interest to the estate was at least $170,740.76 in excess of the value of the partnership assets underlying said 55% interest. This excess became good will in the hands of the estate and subsequently, by inheritance, in the hands of

A. T. Miller."

Or * * *

"(2) When A. T. Miller received the assets of Addison Miller Company in liquidation (of the partnership) in 1957 the cost basis to him of his 100% interest in said partnership was at least $170,740.76 in excess of the value of the assets transferred to him. This excess became good will in (the hands of A. T. Miller)."

The Commissioner of Internal Revenue rejected both such contentions and did not allow any claim for loss of good will, in making his deficiency assessment against A. T. Miller for the year 1958. The Tax Court sustained that determination of the Commissioner.

### I.

Petitioners' first contention is that the Commissioner was wrong in determining that the period of administration of the Estate of Addison Miller was unduly prolonged beyond the end of 1955, and the Tax Court erred in sustaining the deficiency so assessed against A. T. Miller on any such theory.

By brief in the case at bar, petitioners assert:

"In the present case the Tax Court considered each extenuating circumstance separately and found, as a result thereof, that no one of them represented a basis for extending the administration of the Estate of Addison Miller beyond 1955. Petitioners do not contend that there was any one fact or circumstance which required the continuation of administration until 1957, but they do claim that when all the factors are considered together it was not unreasonable to continue"

that administration after 1955. Such is the core of the whole argument here made by petitioners as to claimed error on the part of the Tax Court in affirming the Commissioner's ruling that the prolonged continuance of the Addison Miller Estate was *contra* to Income Tax Regulation 1.641(b)–3, relating to "Termination of Estates and Trusts" for income tax purposes under the 1954 Code.

That the cited regulation is valid for income tax purposes, regardless of the period allowed for closing a decedent's estate under local law, is established by Chick v. Commissioner, 166 F.2d 337 (1 Cir. 1948), affirming 7 T.C. 1414, cert. den. 334 U.S. 845, 68 S.Ct. 1514, 92 L.Ed. 1769; Helvering v. Winmill, 305 U.S. 79, 83, 59 S.Ct. 45, 46, 83 L.Ed. 52 (1938); Taft v. Commissioner of Inter-

nal Revenue, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393 (1938); 6 Merten's Law of Federal Income Taxation, Section 36.47. Since such Treasury Department Regulation is binding on the Commissioner and taxpayer alike, McCord v. Granger, 201 F.2d 103 (3 Cir. 1952), and it "may not be lightly disregarded," Burge v. Commissioner of Internal Revenue, 253 F.2d 765, 770 (4 Cir. 1958), all we need determine is whether there are substantial facts established in the record before us revealing that petitioners could be found to have violated such regulation, reasonably construed and applied. Estate of Iverson v. Commissioner, 255 F.2d 1 (8 Cir. 1958); Spangler v. Commissioner, 278 F.2d 665 (4 Cir. 1960).

■ It is manifest in the opinion of the Tax Court, supra, that the only matter pending in relation to the Florida administration of the Estate of Addison Miller, deceased, that could reasonably be considered as cause for not closing that administration prior to 1955, was the pendency of certain litigation which could while pending be said to have imposed a contingent liability on the Addison Miller Company; but it is clear from the Tax Court's opinion that all such litigation was "ended in September 1955." Petitioners do not point to any other fact essential to continuation of the primary administration of the Estate of Addison Miller, deceased, after the end of 1955. We, like the Tax Court, can find no cause here established why the Florida administration could not have been closed not later than the "end of 1955." As the opinion of the Tax Court reveals, under Florida law that primary probate proceeding could have been closed by A. T. Miller, as sole heir, at any time after the debts of Addison Miller, deceased, were paid by his merely filing a waiver of "Annual and Final Accounting." Such estate was eventually so closed, in 1957, by the Florida court having jurisdiction over the Estate of Addison Miller, deceased. We think petitioners' contention as to totality of factors to be considered for not closing that administration prior to 1957, is established to be without merit

by merely considering the manner by which that administration was finally terminated, as outlined in the opinion of the Tax Court. Concededly, only a factual issue existed as to when such estate could and should have reasonably been closed. We will not disturb the Tax Court's determination of that factual matter, absent a showing of clear error. United States v. United States Gypsum Company, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1947); Card v. Commissioner, 216 F.2d 93, 96–97 (8 Cir. 1954); Sachs v. C. I. R., 277 F.2d 879, 881 (8 Cir. 1960). Petitioners have not assumed, before us, the burden of pointing out any such error. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

### II.

As to petitioners' second contention, that A. T. Miller is entitled to claim as an ordinary business loss deduction, pursuant to Section 165 of the Code (26 U.S. C.A. § 165(c) (1)), abandonment of "good will" upon cessation of business activities in 1958.

We cannot find in the record before us any substantial evidence to sustain petitioners' contention that in 1944 "the cost basis" of the 55% interest of Addison Miller's Estate in the partnership here considered was worth $170,740.76 in excess of the value of the assets underlying that 55% interest. Neither do we find any substantial evidence establishing petitioners' contention that in 1958, "good will in the hands" of A. T. Miller "had a cost basis or value *to him* of at least $170,740.76 (which) upon cancellation of his business by the railroads"—he could deduct from income accruing in that year. The Commissioner determined, and the Tax Court sustained his conclusion, that *no good will* was ever shown to exist in the hands of A. T. Miller, under either of the theories proffered by petitioners, *ante*, in the above-stated amount or any other amount.

■ We can only agree with the finding and conclusion so reached; first, be-

cause it is apparent in the record that petitioners' contention *contra* is wholly premised in "assumptions" not factually premised and sustained; and, secondly, the findings of fact as made by the Tax Court in respect to such claimed deduction are reasonably sustained by such record. Under the circumstance, we will not disturb on appeal the findings of the Tax Court as to values, if they are not shown to be clearly erroneous, which they are not. United States v. United States Gypsum Company, supra; Commissioner of Internal Revenue v. Duberstein, supra; Card v. Commissioner, supra; Sachs v. Commissioner, supra.

The controversy between these parties as to good will primarily revolves around a value ultimately agreed upon and used by them as the basis for Federal Estate Tax purposes, due from Addison Miller's Estate in 1944. The Tax Court found "the fair market value of (Addison Miller's) 55-percent partnership interest in 1944 was then established to be $175,-301.21"; and that was the figure which was ultimately used in assessing the Estate Tax paid on Addison Miller's Estate. There is no evidence of "good will value" being separately declared in arriving at the above agreed amount. Petitioners use an assumed bookkeeping value fixed by them at $268,095.76, to establish an "assumed" cost basis for a good will contended to exist in 1944. As the Tax Court said, "petitioner has not even attempted to demonstrate, apart from the mathematics involved, that the partnership even possessed goodwill on September 7, 1944." (39 T.C. 952.)

■■ Existence of "good will" and the value thereof are primarily questions of fact which "must necessarily be considered in the light of (the) facts in each case." See: Merten's Law of Federal Income Taxation, Section 59.29, page 78. "Good will" value does not exist "separate and apart from the property right to which it is incident." 38 C.J.S. Good Will § 6, page 954; 85 C.J.S. Taxation § 1175, page 1020, and cases cited in those texts; also Schuh Trading Co. v. C. I. R., 95 F.2d 404, 410 (7 Cir. 1938).

Essentially the same arguments as made before the Tax Court as to the factual issues relating to good will are here pressed upon us. After thorough examination of those contentions, we are convinced that the Tax Court correctly concluded: "Petitioner has not shown that the fair market value of the 55-percent interest (of Addison Miller in Addison Miller Company) was other than $175,301.21, as of September 7, 1944; and that no good will account (ever) appeared on the partnership books," or those of A. T. Miller, doing business under that name, after the termination of the partnership. We agree with Judge Mulroney, that it would seem from the nature of the business of Addison Miller Company "that (no) good will (ever existed) or was of particular importance" to the business of that Company, when its business was terminated in 1958, or any other time. The evidence in the record reveals that the principal income of Addison Miller Company at all times here relevant could only be attributable to non-transferable, cost-plus service contracts of the nature as above stated. The imponderable value inherent in the nature of such a business, where personal skill, efforts, contacts, and personal judgment are factors, obviously involve and demand proof of more than bookkeeping entries.

■ This Court's sole function is to determine whether the Tax Court's decisions are supported by substantial evidence. We do not determine questions of value *de novo*. All that petitioners proffer in support of their contention here made, is a formula of calculations based upon previous bookkeeping entries whereby value is transmuted to "good will" *sans* evidence to sustain such transmutation.

■ We are convinced that substantial evidence appears in this record supporting the Tax Court's conclusion that petitioners failed to prove that the fair market value of the 55% partnership interest of Addison Miller was other than $175,-301.21, the amount agreed upon by the

parties in settling that Estate's Federal Tax liability as of September 7, 1944; and also its determination that neither the partnership nor A. T. Miller, doing business as Addison Miller Company, in fact possessed any good will on that date, or in the year 1958, as claimed by petitioners. Commissioner of Internal Revenue v. Duberstein, supra; Fitts' Estate v. C. I. R., 237 F.2d 729, 738 (8 Cir. 1956).

Affirmed.