**YARA ENGINEERING CORPORATION,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent.

No. 14892.

United States Court of Appeals
Third Circuit.

Argued Dec. 10, 1964.

Decided April 15, 1965.

Charles Goodwin, Jr., Shearman & Sterling, New York City (William J. Geen, New York City, on the brief), for petitioner.

Fred R. Becker, Department of Justice, Tax Division, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before GANEY, SMITH and FREEDMAN, Circuit Judges.

---

PER CURIAM.

In this petition for review the basic facts are not in dispute. However, the taxpayer seeks to reverse the Tax Court's holding that fourteen out of sixteen parcels of real estate were held by it primarily for the sale to customers in the ordinary course of its trade or business, rather than, as it contended, as capital assets, within the meaning of § 1221(1) of the 1954 Internal Revenue Code, 26 U.S.C. § 1221(1), and that gains from sales of those parcels are to be taxed as ordinary income for the years 1955 and 1956, instead of as capital gains.[1]

■■■■ The question of whether property sold by a taxpayer comes within the exception to the definition of a capital asset set forth in § 1221(1) of the 1954 Code is a factual one. Wilmington Trust Co. v. Helvering, 316 U.S. 164, 168, 62 S.Ct. 984, 86 L.Ed. 1352 (1942); McCord v. Granger, 201 F.2d 103 (C.A.3, 1952); Kelley v. C. I. R., 281 F.2d 527 (C.A.9, 1960). Also see Boehm v. C. I. R., 326 U.S. 287, 293, 66 S.Ct. 120, 90 L.Ed. 78 (1945). There "is no fixed formula or rule of thumb for determining whether property sold by the taxpayer was held by him primarily for the sale to customers in the ordinary course of his trade or business. Each case must, in the last analysis, rest upon its own facts." Mauldin v. C. I. R., 195 F.2d 714, 716 (C.A.10, 1952). The findings that the fourteen parcels of real estate, because of taxpayer's admitted conduct regarding them, came within one of the exclusions to the section defining a capital asset are not clearly erroneous.[2] See for example, Pennroad Corp. v. C. I. R., 261 F.2d 325 (C.A.3, 1958); Margolis v. C. I. R., 337 F.2d 1001 (C.A.9, 1964). They therefore will not be disturbed on review. C. I. R.

v. Duberstein, 363 U.S. 278, 290–291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

The taxpayer points out the existence of certain facts in this case which, he asserts, should compel us to reach a conclusion different from that of the Tax Court. These same facts were specifically called to the attention of the Tax Court which explained in a comprehensive opinion why it thought the ultimate findings which the taxpayer desired were not the ones that should be made in this case. We see no necessity for repeating those reasons here.

The decision of the Tax Court will be affirmed.

---

1. The decision of the Tax Court has not been officially reported. It appears, however, at 22 TCM 1448 (1963), CCH Dec. 26,359(M).

2. The section defining a capital asset for capital gains purposes must be narrowly applied and its exclusions interpreted

broadly to effectuate basic congressional purpose. Corn Products Refining Co. v. C. I. R., 350 U.S. 46, 52, 76 S.Ct. 20, 100 L.Ed. 29 (1955); C. I. R. v. Gillette Motor Transport, Inc., 364 U.S. 130, 134–135, 80 S.Ct. 1497, 4 L.Ed.2d 1617 (1960); Kaltreider v. C. I. R., 255 F.2d 833 (C.A.3, 1958).